**Daniel Scott BLAND, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–4383.**

Court of Appeals of Alaska.

Feb. 12, 1993.

---

Mary P. Treiber, Asst. Public Defender, Ketchikan, and John B. Salemi, Public Defender, Anchorage, for appellant.

Stephen R. West, Asst. Dist. Atty., Ketchikan, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

## ORDER

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

IT IS ORDERED, *sua sponte:*

1. Memorandum Opinion and Judgment No. 2595, issued on January 13, 1993, is WITHDRAWN.

2. Opinion No. 1282 is issued on this date in its place.

Entered by direction of the court at Anchorage, Alaska on February 12, 1993.

## OPINION

BRYNER, Chief Judge.

Daniel Scott Bland was convicted in Ketchikan in 1989 of second-degree theft, a class C felony. AS 11.46.130(a)(2), (b). Superior Court Judge Thomas Schulz sentenced Bland, a first felony offender, to a term of four years with three years suspended.

After serving the unsuspended portion of his sentence and being released on probation, Bland absconded. The state petitioned to revoke probation, alleging that he had violated the conditions of his probation by failing to report to his probation officer and changing his place of residence without prior approval. Based on the petition, a warrant was issued for Bland's arrest.

Bland remained at large for approximately a year before being arrested on the probation revocation warrant in Palmer. He was returned to Ketchikan and admitted the allegations of the probation revocation petition. At his disposition hearing, Bland stated that he was unwilling to spend any further time on probation. Bland requested Judge Schulz to impose the suspended portion of his sentence, expressly conceding that his probation violations established good cause to revoke his probation and that they would justify sentencing him to the three-year term that was originally suspended.[1] Bland insisted, moreover, that he had the right to decline any sentence involving further time on probation.

Judge Schulz carefully explained to Bland that the probation violations he had committed would not normally result in the imposition of the full suspended portion of his sentence. Bland assured the court that he was aware of this but nevertheless insisted on being sentenced to the remaining portion of his term, so that no time would remain suspended. Despite assiduous questioning by Judge Schulz, Bland refused to be swayed. Judge Schulz then ordered Bland's probation revoked and imposed the balance of his suspended term. Bland appeals, contending that the sentence is excessive. We affirm.

On appeal, Bland challenges his sentence as excessive because his total term—four years—violates the rule of *Austin v. State*, 627 P.2d 657 (Alaska App.1981). In *Austin*, we held that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender." *Id.* at 657–58. We indicated that this rule should be deviated from only in exceptional cases. *Id.* at 658. Subsequently, in *Brezenoff v. State*, 658 P.2d 1359, 1362 (Alaska App.1983), we clarified that an "exceptional case" for purposes of the *Austin* rule is one in which there are significant aggravating factors as specified in AS 12.55.155(c), or the kind of extraordinary circumstances that would warrant referral to the three-judge panel, under AS 12.55.165–.175, for enhancement of the presumptive term.

More recently, we have held that, before receiving an exceptional sentence under the *Austin* rule, a first offender is entitled to advance notice of the aggravating factors or extraordinary circumstances to be relied on by the sentencing court. *Wylie v. State*, 797 P.2d 651, 662 & n. 9 (Alaska App.1990); *see also Collins v. State*, 816 P.2d 1383, 1384–85 (Alaska App.1991).[2]

*Austin*'s fundamental policy of protecting first offenders against harsher

---

1. Bland's counsel summarized Bland's position to be "that there's good cause based on what admissions there have been to revoke his probation and impose the balance of the jail time."

2. Although we have recognized that factual determinations relating to sentencing decisions are generally governed by the preponderance of evidence standard, *Brakes v. State*, 796 P.2d

1368, 1372 n. 5 (Alaska App.1990), we have held that, for *Austin* rule purposes, aggravating factors or extraordinary circumstances must be proved by clear and convincing evidence, the same standard that would apply under AS 12.-55.155(f) to a presumptive sentencing case. *Buoy v. State*, 818 P.2d 1165, 1167–68 (Alaska App.1991).

treatment than similarly situated second offenders continues to apply when a first offender is sentenced for a probation violation. *See, e.g., Luepke v. State*, 765 P.2d 988, 990–91 (Alaska App.1988). In such a case, however, the probation violation itself may be indicative of the offender's poor prospects for rehabilitation; this factor, either alone or in conjunction with other factors, may be deemed an extraordinary circumstance justifying the imposition of a sentence in excess of the *Austin* limits. *Witt v. State*, 725 P.2d 723, 724 (Alaska App.1986).

As we stated in *Chrisman v. State*, 789 P.2d 370 (Alaska App.1990):

> [W]hen a history of probation violations establishes a person's poor prospects for rehabilitation, that fact may be deemed an extraordinary circumstance justifying the imposition of a sentence in excess of the *Austin* limits. . . .

The relevant question in such cases is whether the totality of the circumstances upon revocation of probation would have justified a sentence in excess of the *Austin* limits if known when the original sentence was imposed. Before finding that an offender's probation violations justify a total sentence exceeding the applicable presumptive term for a second felony offender, the sentencing court must conclude that the offender's poor conduct on probation, when viewed in conjunction with all of the originally available sentencing information, renders the case even more serious—and therefore deserving of even greater punishment—than the case of a typical second

felony offender committing a typical offense of the same class.

*Id.* at 371 (citation omitted).

Both this court and the Alaska Supreme Court have recognized that an offender has the right to reject probation and elect to serve the full sentence of imprisonment imposed by the court. *Brown v. State*, 559 P.2d 107, 111 n. 13 (Alaska 1977); *State v. Staael*, 807 P.2d 513, 516 (Alaska App. 1991); *Alfred v. State*, 758 P.2d 130, 131 (Alaska App.1988). These decisions do not call for any significant departure from the foregoing sentencing framework.

■ The election to serve a sentence of imprisonment with no time suspended—especially when accompanied by a stated unwillingness to submit to probationary supervision—certainly reflects on an offender's prospects for rehabilitation and, to that extent, may properly be considered by the sentencing court. However, the court must avoid giving undue prominence to an offender's aversion to probation. In cases to which the *Austin* rule applies, the election to forego probation in favor of incarceration does not in and of itself justify reflexively imposing a sentence that exceeds the normal *Austin* limit.

■ An offender who elects imprisonment over probationary supervision sentence does not thereby forfeit the right to a sentence that is reasonable under the totality of the circumstances of the case. Regardless of whether a sentence is probationary or non-probationary, it must comport with the sentencing principles articulated in *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970) and AS 12.55.005.[3] And, if the sentence involves a first felony

---

3. In *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970), the Alaska Supreme Court articulated sentencing goals to be considered by the court in all cases. Those goals include rehabilitation, general and special deterrence, reaffirmation of societal norms (or community condemnation), and isolation for the protection of the public. Alaska Statute 12.55.005, which expounds on the *Chaney* criteria, provides that the sentencing court shall consider:

(1) the seriousness of the defendant's present offense in relation to other offenses;

(2) the prior criminal history of the defendant and the likelihood of rehabilitation;

(3) the need to confine the defendant to prevent further harm to the public;

(4) the circumstances of the offense and the extent to which the offense harmed the victim or endangered the public safety or order;

(5) the effect of the sentence to be imposed in deterring the defendant or other members of society from future criminal conduct; and

(6) the effect of the sentence to be imposed as a community condemnation of the criminal act and as a reaffirmation of societal norms.

offender who is not subject to presumptive sentencing, it must comply with the requirements of *Austin v. State.*

■ In this regard, it is important to recall that the chief concern of the *Austin* rule is to assure that first felony offenders who are not subject to presumptive sentencing do not receive harsher punishment than similarly situated offenders with prior felony convictions, to whom presumptive sentencing applies. Under Alaska's presumptive sentencing scheme, willingness to undergo probationary supervision, or reluctance to do so, are largely irrelevant. Since an offender's declared reluctance to be placed under probationary supervision is not one of the statutory aggravating factors listed in AS 12.55.155(c), a sentencing court cannot enhance the presumptive term of a second or subsequent felony offender based solely on the offender's preference for a sentence involving incarceration with no suspended time and no probation.

■ Indeed, absent statutory aggravating or mitigating factors or extraordinary circumstances warranting referral to the three-judge panel, the presumptive sentencing statutes require the court to impose the applicable presumptive term, with no time suspended and no probation, regardless of the offender's preference for or willingness to accept probationary supervision. Reliance on a first felony offender's preference for incarceration over probation as a basis for justifying a sentence in excess of the applicable presumptive term for a similarly situated second felony offender would thus be anomalous, effectively penalizing the first offender for not having previously been convicted of a felony.

■ In the present case, Judge Schulz' decision to impose the full three years of Bland's suspended sentence resulted in a total sentence of four years of unsuspended imprisonment. Since Bland was nominally a first felony offender, this sentence unquestionably exceeded the normally applicable two-year *Austin* limit for a class C felony. At no point—either in his original sentencing remarks or in imposing sentence upon revoking Bland's probation—did Judge Schulz expressly find any statutory aggravating factors or exceptional circumstances warranting referral to the three-judge panel; hence, Bland's current sentence was imposed in violation of the *Austin* rule.

■ While such a violation would ordinarily require a remand for resentencing, the unique circumstances of Bland's case compel us to reach a different result. Bland's preference for a non-probationary sentence did not preclude him from arguing below—as he now argues—for compliance with *Austin.* Nor was Bland barred from arguing that a total sentence of four years was unjustified under the totality of the evidence in his case. However, Bland raised no such arguments at his sentencing hearing. At no point did Bland argue for or request a sentence other than the one he now seeks to challenge. To the contrary, Bland received precisely the sentence he asked for.

Had Bland advanced arguments below similar to those he now seeks to raise on appeal, he would obviously be entitled to full appellate review of his claims. Even if Bland had remained wholly neutral and declined to take any position as to what sentence was appropriate in light of his refusal to undergo further probation, his right to a full appellate review of his claims would be difficult to question. In that event, Bland's claim on appeal that his sentence is excessive would not have been inconsistent with the position he asserted before the superior court. Since the sentencing court's duty to impose a reasonable sentence does not hinge on a specific request by the accused, Bland's adoption of a neutral stance at the sentencing hearing would have provided no occasion to preclude him from challenging the reasonableness of the sentence he actually received.

Here, however, Bland clearly went beyond a neutral stance on the issue of what term Judge Schulz should impose. As we have already indicated, Bland affirmatively conceded that his probation violations supported the imposition of the full period of suspended incarceration. He repeatedly expressed his willingness to serve the full

term, insisted on his right to be sentenced to it, and doggedly refused to acknowledge any other alternative.

Bland's current claim of excessiveness thus seems blatantly inconsistent with the position he affirmatively asserted before the superior court. Bland offers no explanation or justification for the inconsistency. To the extent that the sentencing court may have erred in imposing an excessive sentence, Bland plainly invited the error and did all he could to assure its commission. Under these circumstances, we find it inappropriate to entertain Bland's sentencing argument except insofar as it demonstrates plain error. Cf. Collins v. State, 816 P.2d 1383, 1385 (Alaska App.1991); Dymenstein v. State, 720 P.2d 42, 45 (Alaska App.1986).

■ The incident that led to Bland's conviction of second-degree theft in this case, and to his ultimate sentence of four years, is in itself unremarkable: Bland attempted to pawn a handgun. The pawnshop owner called the police because Bland appeared to be intoxicated. Upon arrival, the police determined the gun in Bland's possession had been stolen.

In contrast to the unremarkable conduct involved in his offense, Bland's criminal history is far from unremarkable. Bland has an extensive record of misdemeanor theft and driving offenses in Alaska and Oregon. In addition, he has two prior felony convictions in Oregon. While these convictions do not qualify for purposes of triggering Alaska's presumptive sentencing statutes because they are for crimes that would be classified as misdemeanors under Alaska law, they are nevertheless significant for purposes of sentencing Bland as a first offender. The fact that Bland has persisted in violating the law after twice being convicted and punished as a felon in Oregon provides strong evidence that he cannot readily be deterred and that his prospects for rehabilitation are significantly worse than those of a typical first felony offender.

Much, if not all, of Bland's prior criminality appears to be alcohol-related. Yet according to Bland's presentence report,

Bland has repeatedly failed at various efforts to address his substance abuse problems. After absconding from probation in the present case, Bland continued to abuse alcohol and was convicted of another misdemeanor theft. The presentence report indicates that Bland is extremely deceptive and manipulative.

In short, the sentencing record discloses strong evidence indicating that Bland's prospects for rehabilitation are extraordinarily poor for a first felony offender; there is little, if any, evidence suggesting any realistic hope of reform.

In originally sentencing Bland to a term of four years with three years suspended, Judge Schulz emphasized that, in his view, Bland's criminal history would have justified imposition of the full four years. Although Judge Schulz expressed a willingness to give Bland the benefit of the doubt by suspending the major portion of the term, thereby providing him with another opportunity for rehabilitation, the judge cautioned that he would not hesitate to impose the full sentence if Bland violated the conditions of his probation. In revoking Bland's probation, Judge Schulz referred to his original sentencing remarks, again emphasizing that, in his view, Bland's criminal history and failures at rehabilitation justified the imposition of the full, four-year sentence.

We nevertheless recognize that Bland's total term of four years is exceptionally severe, even when allowances are made for his extensive criminal history. Bland's sentence subjects him to punishment that is substantially harsher than he might have received under the presumptive sentencing statutes, even if he had been treated as having two previous felony convictions. See AS 12.55.125(e) (fixing the presumptive term for a class C felony committed by a third or subsequent felony offender at three years). Had Bland's affirmative request for imposition of the full suspended term not foreclosed the development of a more complete sentencing record, our independent review of that record under the standard established in McClain v. State, 519 P.2d 811, 813–14 (Alaska 1974), might

have led us to conclude that Bland's sentence is clearly mistaken.

Given the circumstances of Bland's case, however, it would be difficult to conclude that Judge Schulz committed plain error in determining that a total term of four years was appropriate for Bland. On review of the current record for plain error, we find the sentence at least arguably appropriate; accordingly, we find no plain error.

Our conclusion does not preclude Bland from seeking further relief from the sentencing court. If Bland believes that he has a meritorious argument, he will be free, upon remand, to move for reduction of his sentence under Alaska Criminal Rule 35(a). Whatever the merits of Bland's arguments might be, however, Bland should not be permitted to assert those arguments on appeal before they have been presented to and considered by the sentencing court.

The sentence is AFFIRMED.