**Dominic A. DeMARIO, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–6461.**

Court of Appeals of Alaska.

Feb. 24, 1997.

---

Tim Jannott, Assistant Public Defender, Kenai, and Barbara Brink, Public Defender, Anchorage, for Appellant.

Ryan C. Bell, Assistant District Attorney, Sharon A.S. Illsley, District Attorney, Kenai, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J. and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

In this expedited appeal, Dominic A. De-Mario contends that the district court violated his right to protection against double jeopardy by increasing a previously imposed

sentence.[1] We find no double jeopardy violation but conclude that DeMario is entitled to a new sentencing hearing.

DeMario originally pled no contest to two counts of fourth-degree assault. District Court Magistrate Lynn Christensen sentenced DeMario to consecutive terms of 270 days with 180 days suspended. The state later moved to revoke DeMario's probation for failure to comply with the probation condition requiring alcohol screening. At the time the state moved to revoke probation, DeMario had approximately 407 days of suspended jail time outstanding: 180 days on each of the two consecutive counts in this assault case, plus 37 days and 10 days on two counts in an unrelated case.

On September 6, 1996, DeMario appeared pro se before Deputy Magistrate Robin Andree on the petition to revoke. After discussing some of the facts, DeMario declared that "I want it over with, I just want to plead no contest [to the probation violation], I want a sentence."

Magistrate Andree asked, in response to DeMario's apparent refusal of further probation, "If I find that you're in violation, sir, do know that you have—" At the magistrate's pause, DeMario accurately interposed, "—a year, a little over a year—" and then the magistrate continued, "—to serve in jail?" DeMario answered that he just wanted to "do the time and get it over with." A short time later, DeMario repeated, "If it's a year I gotta do, I gotta do it."

At this juncture, however, the prosecutor, evidently ignoring that the assault case involved two consecutive 180–day suspended terms, mistakenly stated, "I figure 227 days, if all his time is imposed. He's got I think a total of 180 left in [this case] and 47 days in [the other case]". DeMario again repeated, "With all due respect, I, you know ..., I've got over a year, I don't want to come back."

Magistrate Andree proceeded to explain that DeMario had the right to have his sentence reimposed by Magistrate Christensen, the sentencing magistrate. Magistrate Andree cautioned DeMario that if he elected to proceed before her, instead of before Magis-

trate Christensen, then "what I would sentence you to is all your suspended time, which, if [the prosecutor] has figured it correctly, would be 227 days in jail." DeMario stated that he felt he had no choice but to serve that sentence in order to end his probation; he then expressly waived his right to counsel and to a sentencing hearing before Magistrate Christensen.

Magistrate Andree thereupon revoked DeMario's probation and ordered that "he's to serve 180 days [in the assault case]." The magistrate also revoked probation in the other case, imposing consecutive terms of 37 days and 10 days, for a total of 227 days. The magistrate added, "Once he's released from jail on these cases, he's no longer on court probation." When DeMario asked afterward, "This is all of it?" Magistrate Andree answered, "This is, as far as I can tell, this is it."

Five days later, on September 11, DeMario appeared before Magistrate Christensen, who announced that Magistrate Andree had intended to reimpose all previously suspended time, but "did not notice Count II [in the assault case], so at this time, on that one, you have 180 days to serve, as well as on Count I." DeMario, protesting that Magistrate Andree had reimposed only 180 days of suspended time on the assault case, requested an attorney. Magistrate Christensen appointed a public defender and set a date for resentencing. Magistrate Christensen declared that "the court's intention is, upon his refusal of probation, to impose the other 180 days, which I must do."

On October 11, 1996, DeMario, now represented by counsel, reappeared before Magistrate Christensen. DeMario's attorney argued that Magistrate Andree had meaningfully imposed a lawful sentence at the initial probation revocation hearing and that double jeopardy therefore barred any increase. Magistrate Christensen rejected DeMario's double jeopardy argument, concluding that he could correct Magistrate Andree's error and reimpose all of the previously suspended time from the original sentence, as Magistrate Andree had intend-

1. U.S. Const. amend. V; Alaska Const. art. I, § 9.

ed to do. Magistrate Christensen did offer to allow DeMario to withdraw his admission to the probation revocation charges, but De-Mario declined this option. Magistrate Christensen thus reimposed the 180 previously suspended days on count II of the assault charge that Magistrate Andree had overlooked.

 In this appeal, DeMario renews his double jeopardy argument. The issue is governed by *Sonnier v. State*, 483 P.2d 1003 (Alaska 1971), and *Shagloak v. State*, 582 P.2d 1034 (Alaska 1978). In *Sonnier*, the Alaska Supreme Court held that "once a sentence has been meaningfully imposed, it may not, at a later time, be increased." *Id.* at 1005. In *Shagloak*, the court explained that, for purposes of the rule announced in *Sonnier*, "[a] sentence is meaningfully imposed when it is legally imposed and not subject to change under our Criminal Rules." *Shagloak*, 582 P.2d at 1037 (footnote omitted). *Shagloak* went on to note two criminal rules allowing amendment of a sentence: Criminal Rule 35(a), allowing correction of an illegal sentence, and Criminal Rule 36, allowing correction of "errors in the record arising from oversight or omission." *Id.* at 1037–38 (quoting Criminal Rule 36).

 For present purposes, we assume that the sentence originally imposed by Deputy Magistrate Andree upon revoking De-Mario's probation was a legal sentence. The question thus becomes whether the originally imposed probation revocation sentence arose "from oversight or omission" of record and was thus subject to correction under Criminal Rule 36.[2] *Shagloak* makes it clear that, to answer this question, we must limit our inquiry to the record of the initial revocation hearing conducted before Magistrate Andree:

> We believe that if Rule 36 is not to clash with the prohibition against double jeopardy, only an objectively ascertainable mistake—a mistake which can be determined

by contemporaneous record evidence—will justify increasing a sentence.

*Shagloak*, 582 P.2d at 1038.

Here, the contemporaneous record of the initial revocation hearing unequivocally reveals that Magistrate Andree intended to impose all previously suspended incarceration that remained outstanding against De-Mario. DeMario repeatedly expressed his desire to have the court revoke his probation to impose all of his suspended jail time. DeMario's comments indicated that he correctly understood that his remaining suspended jail time totaled slightly more than a year. In contrast, the prosecutor incorrectly calculated that DeMario had only 227 days of suspended jail time. The magistrate expressly announced her intent to "sentence you to ... all your suspended time." When the magistrate announced DeMario's sentence of 227 days, she plainly relied on the prosecutor's mistaken estimate. However, the magistrate expressly qualified her adoption of that estimate by saying that it would be DeMario's sentence "if [the prosecutor] has figured it correctly."

And immediately upon imposing the 227–day term that the prosecutor mistakenly believed to represent the totality of DeMario's then-suspended time, the magistrate again clarified her intent to leave DeMario with no unsuspended incarceration: "This is, as far as I can tell, this is it." The same intent can be inferred from the magistrate's declaration that this sentence would leave DeMario no remaining probationary term: "Once he's released from jail on these cases, he's no longer on court probation."

The contemporaneous record of the original probation revocation hearing thus reveals that Magistrate Andree intended to grant DeMario's request and impose all of his remaining jail time and that the 227–day sentence Magistrate Andree imposed reflected a miscalculation of DeMario's then-suspended incarceration. Since this is unquestionably "an objectively ascertainable mistake," *id.*, the sentence imposed by Magistrate Andree was subject to subsequent correction under

---

**2.** Criminal Rule 36 provides:

Clerical mistakes in judgments, orders or other parts of the record, and errors in the

record arising from oversight or omission, may be corrected by the court at any time and after such notice, if any, as the court orders.

■■■■■■■■■■■■■■■■■■■■■■■■■

Rule 36 without violence to the double jeopardy prohibition. *Id.* Magistrate Christensen did not err in rejecting DeMario's double jeopardy argument.

■■■ We nevertheless conclude that the sentence imposed by Magistrate Christensen must be vacated and that DeMario's case must be remanded to the magistrate for resentencing. The portions of the record that we have quoted earlier in this decision strongly suggest a belief on Magistrate Christensen's part that DeMario's probation violation, coupled with his refusal of further probation, left the court with no choice but to impose all previously suspended time. This appears to have been Deputy Magistrate Andree's assumption, as well. In imposing sentence for the probation violation, neither magistrate explained the court's sentencing decision or gave any apparent consideration to the sentencing criteria elaborated in *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970).

■■■ It is well settled that when the trial court revokes probation, it may not automatically impose all previously suspended time. Instead, the court must carefully reevaluate all currently available information in light of the *Chaney* criteria. *Luepke v. State,* 765 P.2d 988, 990–91 (Alaska App.1988). The court's sentence must be based on the totality of the circumstances, including the original offense, the offender, and the offender's intervening conduct. *Betzner v. State,* 768 P.2d 1150, 1155–56 (Alaska App.1989). These sentencing principles apply with equal force to situations in which the defendant refuses probation; the defendant's refusal of a probationary term cannot, in itself, be given determinative consideration.

Here, the district court erred in assuming that DeMario's admitted probation violation and his stated desire for a non-probationary term automatically warranted the imposition of all previously suspended incarceration. While imposition of DeMario's sentence did not violate double jeopardy, the sentencing court was clearly mistaken in failing to consider the *Chaney* criteria and in failing to fully explain its sentencing decision.

The sentence imposed below is VACATED, and this case is REMANDED for resentencing.[3]

---

**3.** Notwithstanding the provisions of Appellate Rules 507(b) and 512(a), this judgment shall take effect forthwith, and jurisdiction over this case shall return to the district court immediately.