Valerie SWEEZEY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9749.

Court of Appeals of Alaska.

Aug. 31, 2007.

Carmen E. Clark, Ingaldson, Maassen & Fitzgerald, P.C., Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

In August 2005, the Anchorage police went to Valerie Sweezey's home because of a complaint that someone was trying to set the home on fire. The police found Sweezey disoriented, irrational, and apparently under the influence of drugs. Eventually, Sweezey admitted possessing 1.91 grams of cocaine that the police found in the house. Sweezey was charged with fourth-degree misconduct involving a controlled substance.[1]

Sweezey pleaded no contest. She asserted that statutory mitigating factor AS 12.55.155(d)(14) (Sweezey possessed a small amount of cocaine) applied.[2] Sweezey also rejected probation because she believed, in part, that probation would require "a drastic change in her lifestyle."

Superior Court Judge Eric A. Aarseth found that the proposed mitigating factor had not been proven. He concluded that a suspended imposition of sentence was most appropriate, rejected Sweezey's attempt to refuse probation, and imposed a 3–year probationary period. He required that Sweezey

---

1. AS 11.71.040(a)(3)(A).

2. This mitigating factor was renumbered as AS 12.55.155(d)(13) in the 2006 version of the Alaska Statutes.

serve 60 days' imprisonment as a condition of probation, and granted her *Nygren* credit [3] for the inpatient treatment she had attended as a condition of her pre-trial release. Sweezey appeals.

◼ Sweezey argues that Judge Aarseth erroneously rejected the proposed mitigating factor. This argument fails. Because Sweezey was a first felony offender, Sweezey faced a presumptive range of 0 to 2 years' imprisonment.[4] Judge Aarseth could impose a sentence at the lowest end of this range without regard to whether Sweezey had proven the mitigating factor. Thus, Sweezey's objection is moot.[5]

◼ Next, we address Sweezey's contention that the superior court improperly imposed probation after she rejected that sentencing option. A defendant's option to reject probation has been recognized for over thirty years starting with the Alaska Supreme Court's decision in *Brown v. State*.[6] The supreme court noted that under the Alaska statutes governing probation, "the defendant can refuse probation if he deems the terms too onerous."[7] We have recognized the supreme court's analysis in several reported cases.[8]

◼ Because a defendant retains the option to reject probation under this construction of the statutes, when a defendant accepts probation conditions announced by the court, we analyze the probation conditions as analogous to contracts between the court and the defendant.[9]

◼ The State urges us to turn from this jurisprudence and rule that a defendant does not have the right to reject probation. The State's brief cites decisions from other jurisdictions that adopt this position. But the principle that a defendant may reject probation in Alaska arose from the supreme court's analysis of the probation statutes. In the decades since that decision, the supreme court has not questioned that analysis. And the State has not cited any action by the legislature to change the statutes to eliminate that principle. Moreover, as an intermediate appellate court, we are bound to follow the decisions of the Alaska Supreme Court.[10]

A decision that overturns settled law necessarily undercuts the value of stare decisis. Even if we were not bound by a decision of the Alaska Supreme Court, the State asks us to overturn a line of authority developed in this Court. As the Alaska Supreme Court recognizes, "a party raising a claim controlled by an existing decision bears a heavy threshold burden of showing compelling reasons for reconsidering the prior ruling: 'We will overrule a prior decision only when clearly convinced that the rule was originally erroneous or is no longer sound because of changed conditions, and that more good than harm would result from a departure from precedent.'"[11] The State has not met that burden because the State has not convinced

---

3. *See Nygren v. State*, 658 P.2d 141, 146 (Alaska App.1983) (holding that a defendant is entitled to credit for time served while released on bail if the defendant "is subjected to restrictions approximating those experienced by one who is incarcerated").

4. AS 11.71.040(d) and AS 12.55.125(e)(1).

5. *See Allen v. State*, 56 P.3d 683, 685 (Alaska App.2002) (holding that a challenge to a judge's findings concerning contested aggravating and mitigating factors is moot when the judge's authority to impose a particular sentence does not rest on the judge's findings concerning the aggravating or mitigating factors). *See also Krack v. State*, 973 P.2d 100, 104 (Alaska App.1999).

6. 559 P.2d 107 (Alaska 1977).

7. *Id.* at 111 n. 13.

8. *See Hurd v. State*, 107 P.3d 314, 333 (Alaska App.2005); *State v. Auliye*, 57 P.3d 711, 717 (Alaska App.2002); *Joubert v. State*, 926 P.2d 1191, 1193 (Alaska App.1996); *Bland v. State*, 846 P.2d 815, 818 (Alaska App.1993); *State v. Staael*, 807 P.2d 513, 516 (Alaska App.1991); *Alfred v. State*, 758 P.2d 130, 131 (Alaska App. 1988).

9. *See Hurd*, 107 P.3d at 333; *Auliye*, 57 P.3d at 717.

10. *See Smart v. State*, 146 P.3d 15, 28 (Alaska App.2006).

11. *Thomas v. Anchorage Equal Rights Comm'n*, 102 P.3d 937, 943 (Alaska 2004) (quoting *Alaska Commercial Fisheries Entry Comm'n v. Carlson*, 65 P.3d 851, 859 (Alaska 2003) (internal quotation marks omitted)).

us that the supreme court's original analysis of the probation statutes was erroneous or is unsound because of changed conditions.

Therefore, we refuse the State's invitation to reject the supreme court's decision in *Brown* and overturn the clear line of authority that permits Sweezey to reject probation.

Because the superior court imposed probation after Sweezey rejected that option, we must vacate Sweezey's sentence and remand the case for resentencing. Whatever the wisdom of Sweezey's choice to reject probation, that is her option.

Sweezey further argues that comments made by Judge Aarseth indicate that he would have imposed an excessive term to serve if he had allowed her to reject probation. This issue is not ripe for consideration because Judge Aarseth did not impose that term.

*Conclusion*

Sweezey's sentence is VACATED. We REMAND the case to the superior court for resentencing. We do not retain jurisdiction.