■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE ANDERSON, Appellant. [879 NYS2d 849]—

---

Garry, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered July 2, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In a "buy and bust" operation in the City of Schenectady, Schenectady County, defendant was arrested after his vehicle was stopped, a search of his person was conducted, and cocaine was found in his sock. County Court granted his motion for a *Mapp/Dunaway* hearing to determine whether the stop and the search were supported by probable cause. In open court just before the hearing began, defendant rejected a proposed plea agreement that would have required him to waive his right to appeal. Following the hearing, the court denied defendant's motion to suppress the drug evidence.

The parties subsequently advised County Court that a new plea offer had been extended to defendant. In outlining the proposal before the court, the prosecutor emphasized that the bargain would include defendant's waiver of his right to appeal, including all issues related to the *Mapp/Dunaway* hearing. Defendant's counsel confirmed that he had explained the waiver of appeal to defendant. Defendant expressed interest in accepting the plea offer at this time, but the court observed hesitation in his body language and reminded him of the presumption of innocence and his right to a trial. The matter was adjourned in anticipation of trial.

Several hours later, however, the parties reconvened and advised County Court that, after further consideration and consultation with his counsel, defendant had decided to accept the new plea offer. The court then engaged in a thorough and detailed allocution, which included defendant's explicit confirmation that he understood that the right to appeal is not ordinarily given up as part of a guilty plea, but that he was being asked to waive it as part of the proposed plea agreement. During the course of the proceeding, defendant also executed a written waiver of the right to appeal which, among other things, specifically stated that he understood that by waiving his right to appeal he was giving up rights beyond those given up by pleading guilty, and that the waiver included rulings made in connection with the suppression hearing.

Defendant now appeals, contending that his waiver of the right to appeal was not knowing, intelligent, and voluntary because County Court did not adequately distinguish the waiver from the rights automatically forfeited by pleading guilty. Contrary to defendant's claim, the record reveals that the court thoroughly and completely addressed defendant's waiver of the

right to appeal and did not improperly suggest that he was forfeiting rather than waiving these rights (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *compare People v Moyett*, 7 NY3d 892, 892-893 [2006]). The allocution was fully consistent with the "better practice" recommended by the Court of Appeals (*People v Lopez*, 6 NY3d at 257). Further, and "even better" (*id.*), defendant also executed the written waiver, which was clear and explicit in its terms. Thus, the record fully demonstrates that defendant understood that his waiver of the right to appeal was separate and distinct from those rights he forfeited by pleading guilty and was part of the " 'carefully orchestrated bargain' " of his plea (*People v Seaberg*, 74 NY2d 1, 10 [1989], quoting *People v Prescott*, 66 NY2d 216, 220 [1985], *cert denied* 475 US 1150 [1986]). The waiver was therefore knowing, intelligent, and voluntary (*see People v Grant*, 60 AD3d 1202, 1203 [2009]; *People v Bunce*, 45 AD3d 982, 984 [2007], *lv denied* 10 NY3d 809 [2008]). Its validity forecloses this Court's review of defendant's claims related to the *Mapp/Dunaway* hearing (*see People v Collins*, 53 AD3d 932, 933 [2008], *lv denied* 11 NY3d 831 [2008]).

Finally, defendant asserts that he received ineffective assistance of counsel. "A challenge to the effectiveness of counsel is precluded by a waiver of appeal except to the extent that it impacts on the voluntariness of the plea" (*People v McDuffie*, 43 AD3d 559, 560 [2007], *lv denied* 9 NY3d 992 [2007] [citations omitted]). To the extent, if any, that defendant's claims may have survived his valid waiver, they are unpreserved for appellate review because he failed to move to withdraw his plea or to vacate the judgment of conviction (*see People v Allen*, 15 AD3d 689, 690 [2005]).

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.