■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SASENARINE SINGH, Appellant. [901 NYS2d 428]—Spain, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered January 22, 2008, convicting defendant upon his plea of guilty of the crime of attempted burglary in the first degree.

Defendant pleaded guilty to a reduced charge of attempted burglary in the first degree in satisfaction of a nine-count indictment and waived his right to appeal. Pursuant to the negotiated plea agreement, County Court sentenced defendant to four years in prison followed by 2½ years of postrelease supervision. Defendant now appeals, claiming that his plea was involuntary, his sentence was harsh and excessive and he received ineffective assistance of counsel.

Defendant's challenge to the voluntariness of his plea survives

the waiver of his right to appeal but is unpreserved given his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Scitz*, 67 AD3d 1251, 1251 [2009]). Furthermore, as defendant did not make any statements during the plea allocution that tended to negate a material element of the crime or cast doubt on his guilt, the narrow exception to the preservation rule does not apply (*see People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]; *People v Dobrouch*, 59 AD3d 781, 781-782 [2009], *lv denied* 12 NY3d 853 [2009]). In any event, defendant's assertions that he was coerced into entering the plea or confused by its terms are belied by the record, which reveals that defendant entered a voluntary, knowing and intelligent plea.

To the extent that defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea, it too survives the waiver of appeal (*see People v Anderson*, 63 AD3d 1191, 1193 [2009], *lv denied* 13 NY3d 794 [2009]). However, it is similarly unpreserved as a result of defendant's failure to move to withdraw the plea or vacate the judgment of conviction (*see id.*). Reviewing the claim, we find it is unavailing. Defendant received a favorable plea and acknowledged during the colloquy that he was satisfied with his attorney (*see People v Gibson*, 21 AD3d 577, 578 [2005]). Finally, given the existence of a valid appeal waiver, we are foreclosed from reviewing defendant's argument that the agreed-upon sentence is harsh and excessive (*see People v Jeske*, 55 AD3d 1057, 1058-1059 [2008], *lv denied* 11 NY3d 898 [2008]).

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.