■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. MACDONALD, Appellant. [908 NYS2d 464]—

Peters, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered July 10, 2009, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

In satisfaction of an eight-count indictment, defendant pleaded guilty to rape in the first degree, waived his right to appeal and was sentenced as a second felony offender to the agreed-upon term of 12 years in prison followed by 20 years of postrelease supervision. Defendant now appeals, arguing that his plea was not voluntary and that he was denied the effective assistance of counsel.

Defendant's challenge to the voluntariness of his plea survives the waiver of his right to appeal, but is unpreserved for our review since he did not move to withdraw the plea or vacate the judgment of conviction (*see People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]). Moreover, contrary to defendant's assertion, the narrow exception to the preservation rule does not apply (*see People v Lopez*, 71 NY2d 662, 666-667 [1988]). To be sure, defendant initially asserted that he did not employ physical force during his encounter with the victim; however, County Court satisfied its duty to inquire further and defendant acknowledged that the victim submitted to sexual intercourse based on his threat to cause her physical injury (*see* Penal Law § 130.00 [8]; § 130.35 [1]; *People v Swarts*, 64 AD3d 801, 802 [2009]). Accordingly, were we to review the merits, we would find that the elements of the crime were adequately established and that defendant knowingly and voluntarily entered the plea.

To the extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, it is not foreclosed by his valid appeal waiver (*see People v Leigh*, 71 AD3d 1288, 1288 [2010], *lv denied* 15 NY3d 775 [2010]). Such a claim is nonetheless similarly unpreserved given defendant's failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Volfson*, 69 AD3d 1123, 1124 [2010]). In that regard, defendant was afforded the opportunity to withdraw his plea at sentencing, and he repeatedly informed County Court that he did not desire to do so. In any event, defendant's contention is belied by the plea colloquy, at which time he stated that he understood the rights he was relinquishing, was entering the plea freely and voluntarily, and that he was satisfied with counsel's services (*see People v Clark*, 52 AD3d 951, 952 [2008], *lv denied* 11 NY3d 831 [2008]).

Cardona, P.J., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.