**STATE of Alaska, Appellant,**

**v.**

**Lee J. HENRY and Matthew L. Fulton, Appellees.**

**Nos. A–10552, A–10578.**

Court of Appeals of Alaska.

Oct. 8, 2010.

Eric A. Ringsmuth, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellant.

Julia D. Moudy, Assistant Public Defender, and Quinlan Steiner, Public Defender, An-chorage, for Appellee Lee Henry. Sarah T. White, Assistant Public Defender, and Quin-lan Steiner, Public Defender, Anchorage, for Appellee Matthew Fulton.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

### OPINION

MANNHEIMER, Judge.

Both of the defendants in these consolidated appeals entered into plea agreements with the State to resolve the criminal charges pending against them. In each case, the plea agreement called for the defendant to receive a sentence that included a partially suspended term of imprisonment and a concomitant period of probation (following the defendant's service of the non-suspended portion of their sentence).[1]

In each case, the defendant served their non-suspended term of imprisonment and was released on probation. Later, each defendant violated their probation and was brought before the court on a petition to revoke their probation. At this juncture in the proceedings, each defendant told the sentencing judge that they no longer wished to be on probation: they asked the judge to terminate the probation and simply sentence them to an active (*i.e.,* unsuspended) term of imprisonment.

The two sentencing judges granted the defendants' requests and sentenced the defendants to imprisonment—but, in each case, the sentencing judge determined, based on the *Chaney* sentencing criteria,[2] that the proper term of imprisonment was something less than the full amount of imprisonment that had previously been suspended. In *State v. Henry,* the superior court imposed only 15 months of the previously suspended 19 months. In *State v. Fulton,* the superior court imposed only 1 year of the approximately 16 months of remaining suspended

---

1. The plea agreement in Lee Henry's case called for him to receive a sentence of 24 months' imprisonment with 19 months suspended, and a 3–year term of probation. The plea agreement in Matthew Fulton's case called for him to receive a sentence of 3 years' imprisonment with 2 years suspended, and a 5–year term of probation.

2. *See State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970). The *Chaney* sentencing criteria are now codified in AS 12.55.005.

jail time. (Approximately 8 months of Fulton's original 2–year suspended term of imprisonment had already been imposed for earlier violations of probation.)

■ The State now appeals. The State contends that the superior court's decision to impose something less than the full amount of the previously suspended jail time amounted to an illegal, after-the-fact amendment of the plea bargain without the State's consent. In other words, the State asserts that, when the defendants agreed to the plea bargains in these two cases, they contractually bound themselves either to complete the entire period of their probation or, alternatively, to serve the full amount of their suspended jail time.

To answer the State's contention, we must recapitulate certain aspects of the law governing probation in Alaska.

■ Under Alaska law, whenever a sentence includes suspended jail time and a concomitant term of probation, the sentence is inherently mutable: the sentencing court retains the authority to alter the conditions of probation, to shorten or lengthen the probationary term, and to impose some or all of the previously suspended jail time. *See Surrells v. State,* 151 P.3d 483, 489–490 (Alaska App.2006); *Reyes v. State,* 978 P.2d 635, 639 (Alaska App.1999). *See also Ralston v. Robinson,* 454 U.S. 201, 217 n. 10, 102 S.Ct. 233, 244 n. 10, 70 L.Ed.2d 345 (1981) (declaring that the rule prohibiting a post-sentencing increase in a defendant's sentence "simply does not apply when [the legislature] has provided a court with the power to modify a sentence in light of changed circumstances").

■ Thus, when a sentencing court suspends a portion of a defendant's term of imprisonment and places the defendant on probation, it is understood that if the defendant violates the conditions of probation, or if the defendant engages in any other post-sentencing conduct that establishes a substantial reason to conclude that the defen-

dant's current conditions of probation are not adequately ensuring the defendant's rehabilitation or adequately protecting the public, the sentencing court has the authority to make the conditions of probation more onerous, or to extend the period of probation, or to order the defendant to serve some or all of the previously suspended jail time. *Surrells,* 151 P.3d at 489; *Edwards v. State,* 34 P.3d 962, 969 (Alaska App.2001). *See* AS 12.55.090(b): "The [sentencing] court may revoke or modify any condition of probation, or may change the period of probation."

■ By the same token, as we recognized in *Marunich v. State,* 151 P.3d 510, 517 (Alaska App.2006), a sentencing court has the authority to alter the probation in the defendant's favor—for example, by revoking a previously imposed condition of probation, or by shortening the defendant's term of probation. *See* AS 33.05.050: "When directed by the [sentencing] court, the probation officer shall report to the court [concerning] the conduct of the probationer while on probation. The court may then discharge the probationer from further supervision and may terminate the proceedings against the probationer, or may extend the probation, as shall seem advisable."

■ In addition, just as Alaska law gives the sentencing court a continuing authority to alter a sentence of probation, Alaska law also gives the defendant a continuing right to alter a sentence of probation. A defendant who concludes that the conditions of probation are too onerous has the right to terminate the probation and ask the sentencing judge to impose an active term of imprisonment in lieu of further probation.[3] If the defendant exercises this option, the sentencing judge must not automatically sentence the defendant to all of the remaining suspended jail time; rather, the judge must apply the *Chaney* sentencing criteria to de-

---

3. *See Brown v. State,* 559 P.2d 107, 111 n. 13 (Alaska 1977); *Sweezey v. State,* 167 P.3d 79, 80–81 (Alaska App.2007); *Hurd v. State,* 107 P.3d 314, 333 (Alaska App.2005); *State v. Auliye,* 57 P.3d 711, 717 (Alaska App.2002) ("probation is a contract, and because this contract allows a judge to control a defendant's life in ways that the defendant may deem more burdensome than normal criminal penalties, a defendant is free to refuse probation and to insist on a normal sentence.").

termine an appropriate term of imprisonment.[4]

In the present combined appeals, the State does not dispute that the foregoing paragraphs contain an accurate description of the law that applies when, *in the absence of a plea bargain*, a court imposes a sentence that includes probation. However, the State argues that the law is different when the defendant's sentence stems from a plea bargain.

In such instances, the State contends, the defendant's term of probation and the defendant's concomitant suspended term of imprisonment are material elements of the bargain. According to the State, if a defendant agrees to a sentence that includes probation and suspended jail time, the defendant necessarily relinquishes the right to later terminate their probation and ask the sentencing court to impose an active sentence of imprisonment based on the *Chaney* sentencing criteria. Rather, if the defendant violates the conditions of their probation, the sentencing court must impose the entire amount of the previously suspended jail time (regardless of whether the court believes that such a sentence comports with the *Chaney* criteria)— or, alternatively, the court must allow the State to rescind the plea bargain and return the parties to the *status quo ante* (a rescission of the defendant's conviction and sentence under the plea bargain, a return of that criminal charge to a pre-trial posture, and a reinstatement of any other charges that were dismissed as part of the plea bargain).

(We note that the State's reasoning seemingly leads to the conclusion that if the sentencing court later decides to shorten the length of the defendant's probation or alter the conditions of the defendant's probation in the defendant's favor (pursuant to the authority granted by AS 12.55.090(b) or by AS 33.05.050), this would constitute a judicial act that defeats a material element of the plea bargain, thus entitling the State to demand rescission of the bargain.)

■ We reject the State's position because it conflicts with the legal principle that the parties to a contract retain their legal rights relating to the transaction covered by the contract unless either (1) the contract specifically states that a party is relinquishing a legal right as part of the bargain or (2) the terms of the contract are clearly premised on the relinquishment of this right (*i.e.*, the party's exercise of the legal right would be clearly inconsistent with the provisions of the contract).

*See Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 80, 119 S.Ct. 391, 396, 142 L.Ed.2d 361 (1998) ("we will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is explicitly stated"); *Metropolitan Edison Co. v. National Labor Relations Board*, 460 U.S. 693, 708, 103 S.Ct. 1467, 1477, 75 L.Ed.2d 387 (1983) ("[courts] will not infer from a general contract provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' . . . [T]he waiver must be clear and unmistakable."). *See also Hammond v. Alaska Dept. of Transportation & Public Facilities*, 107 P.3d 871, 876–77 (Alaska 2005) ("[A]n employee's exercise of the right to arbitrate under a [collective bargaining agreement] does not preclude [the employee's] subsequent litigation of related statutory claims in state court unless the employee clearly and unmistakably submits the statutory claims to arbitration. An employee is not required to choose between the rights provided by a [collective bargaining agreement] and the rights provided by statutes such as the Alaska Whistleblower Act . . . absent a clear and unmistakable waiver. . . .")

This same principle applies to the construction of plea bargains in criminal cases when the government claims that, under the plea agreement, the defendant waived rights other than those that are normally relinquished when a defendant offers a guilty plea under court rules such as Alaska Criminal Rule 11(c). *See, e.g., Creech v. State*, 887 N.E.2d 73, 74–76 (Ind.2008); *Clay v. State*,

---

4.  *See DeMario v. State*, 933 P.2d 558, 562 (Alaska App.1997) (holding that, when a defendant refuses probation, the sentencing judge "[must] not automatically impose all [of the defendant's] previously suspended time" but must carefully evaluate the case under the *Chaney* criteria and then impose a sentence based on the totality of circumstances).

882 N.E.2d 773, 775–76 (Ind.App.2008); *State v. Copes,* 290 Kan. 209, 224 P.3d 571, 577–78 (2010); *Kozak v. Commonwealth,* 279 S.W.3d 129, 133–34 (Ky.2008); *State v. Thompson,* 15 Neb.App. 764, 735 N.W.2d 818, 827 (2007); *People v. Anderson,* 63 A.D.3d 1191, 879 N.Y.S.2d 849, 851 (2009).

We applied this principle in *Simon v. State,* 121 P.3d 815 (Alaska App.2005).

The defendant in *Simon* agreed to plead guilty to a class C felony, and he further agreed that he would not contest three aggravating factors for purposes of sentencing. The relevant portion of the plea agreement then concluded with the words: "[Sentencing] open with a range of 3–5 [years] to serve." *Id.* at 817.

The superior court sentenced Simon to 5 years' imprisonment (*i.e.,* the upper limit of this range), and Simon appealed the severity of his sentence. *Id.* at 821. The State responded that Simon, by agreeing to the above-quoted language, had given up his right to appeal the sentence. In other words, the State asserted that Simon had agreed that he could receive any sentence up to (and including) 5 years' imprisonment. *Ibid.*

(See AS 12.55.120(a), which declares that a defendant has no right to appeal a sentence if "the sentence was imposed in accordance with a plea agreement ... that ... provided for imposition of ... a sentence equal to or less than a specified maximum sentence.")

As we noted in *Simon,* the quoted portion of the plea agreement could be interpreted in two different ways. On the one hand, the clause could be viewed "as merely an acknowledgement that, given Simon's intention to plead guilty to a class C felony, his status as a third felony offender, and his intention to concede aggravating factors, the applicable sentencing range would (by law) be 3 to 5 years' imprisonment." *Ibid.* On the other hand, the quoted language could be interpreted as "Simon's express acquiescence in a sentence of 3 to 5 years, and his implicit promise not to contest whatever sentence the superior court imposed [within that range]". *Ibid.*

We concluded that, as a matter of law, this ambiguity had to be resolved in Simon's favor. Quoting the Indiana Court of Appeals's decision in *Wilkie v. State,* 813 N.E.2d 794, 804 (Ind.App.2004), we "reject[ed] the idea that a defendant can 'agree' to be sentenced in accordance with the statutory range applicable to his offense and, as a result of that agreement, be barred from [challenging] the trial court's decision to impose the maximum sentence". *Simon,* 121 P.3d at 821. We explained:

> We would view the matter differently if the record showed that Simon and the State had bargained for a sentencing range narrower than the range that would otherwise apply to Simon's case, or if Simon had expressly waived his right to appeal his sentence. But here, as in *Wilkie,* the only thing that lends any credence to the State's argument is the fact that the plea agreement contains language describing the sentencing range anticipated by the parties. This sentencing range was simply the legal consequence of Simon's decision to plead guilty to third-degree sexual assault (given the fact that Simon was a third felony offender, and given the fact that he was conceding aggravating factors).
>
> In other words, the record in Simon's case gives no indication that the disputed clause of the plea agreement constituted anything more than an acknowledgement of the sentencing range provided by law for any defendant in Simon's situation. In these circumstances, we hold that this language must not be interpreted as a waiver of Simon's appeal rights.

*Simon,* 121 P.3d at 821–22.

See also Judge Bryner's concurrence in *Betzner v. State,* 768 P.2d 1150, 1157–58 (Alaska App.1989), where he rejected the State's contention that the defendant had agreed, as part of his plea bargain, to automatic imposition of the full amount of suspended jail time if he violated the provision of his plea agreement which required him to testify for the State. Judge Bryner declared:

> I find it unnecessary to decide whether such a plea agreement might ever properly provide for automatic imposition of a sus-

pended sentence upon a defendant's failure to testify. It is sufficient to note that no express provision to this effect was made in Betzner's plea agreement. ... No express provision was made for the automatic reinstatement of suspended time upon [Betzner's] failure to comply with the agreement to testify.

*Ibid.*

Turning to the plea agreements in the two cases before us, we note that these plea agreements contain no express provision requiring the defendants to relinquish their right under Alaska law to reject further probation. Nor do the plea agreements contain any express provision requiring the defendants to relinquish their accompanying right (if their probation were terminated) to have the superior court assess their sentences of imprisonment under the *Chaney* criteria, rather than automatically imposing the full amount of the defendants' remaining suspended jail time.

Moreover, we conclude that the plea agreements do not implicitly require the defendants to relinquish these rights. In other words, there is no clear inconsistency between the defendants' assertion of these rights and the stated terms of the plea agreements.

Accordingly, we hold that the defendants' decision to accept these plea bargains did not constitute a relinquishment or waiver of the normal rights accompanying a sentence of probation and suspended imprisonment—in particular, the right to reject further probation at some future time, and the right to demand (in that event) that the superior court assess their sentence of imprisonment based on the *Chaney* criteria, rather than automatically imposing all of their remaining suspended jail time. And, for this reason, the superior court did not commit error when it allowed the defendants to reject further probation, and when it sentenced the defendants to less than the full amount of their suspended jail time.

We express no opinion on the question of whether Alaska law allows plea bargains in which the defendant waives the right to reject further probation, or waives the right to demand a sentence that is formulated under the *Chaney* criteria. We simply hold that, even if such waivers might conceivably be valid under Alaska law, no waivers of these rights occurred in the two cases before us.

The judgements of the superior court are AFFIRMED.

COATS, Chief Judge, concurring.

COATS, Chief Judge, concurring.

These cases are governed by prior decisions. When a court revokes a defendant's probation and imposes a sentence, the sentencing court is required to apply the *Chaney* criteria.[1] The sentencing court is to consider the totality of the circumstances, including the defendant's original offense, the nature of his violation of probation, and his intervening conduct while on probation.[2] Furthermore, in *Betzner v. State*,[3] we specifically rejected the argument that violating an important aspect of a plea agreement—in that case an agreement to testify for the State—"automatically justified imposition of the full suspended term."[4]

In a related line of cases, we have held that a defendant may refuse probation.[5] In *State v. Auliye*,[6] we stated that "probation is a contract, and because this contract allows a judge to control a defendant's life in ways that the defendant may deem more burdensome than normal criminal penalties, a defendant is free to refuse probation and to insist

1. *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970); *DeMario v. State*, 933 P.2d 558, 562 (Alaska App.1997); *Toney v. State*, 785 P.2d 902, 903 (Alaska App.1990); *Betzner v. State*, 768 P.2d 1150, 1155–56 (Alaska App.1989) & 1157–58 (Bryner, C.J., concurring); *Luepke v. State*, 765 P.2d 988, 990–91 (Alaska App.1988).

2. *DeMario*, 933 P.2d at 562.

3. 768 P.2d 1150 (Alaska App.1989).

4. *Id.* at 1155–56.

5. *Sweezey v. State*, 167 P.3d 79, 80 (Alaska App. 2007) (citing *Brown v. State*, 559 P.2d 107, 111 n. 13 (Alaska 1977) (citation omitted)).

6. 57 P.3d 711 (Alaska App.2002).

on a normal sentence." [7] When a defendant refuses probation he "does not thereby forfeit the right to a sentence that is reasonable under the totality of the circumstances of the case." [8] In sentencing a defendant who rejects probation, the court is required to impose a sentence that comports with the *Chaney* sentencing criteria.[9]

Against the background of this case law, it is clear that Judges Bauman and Huguelet did exactly what the law required them to do: When Henry and Fulton rejected probation, the judges imposed a sentence based on the *Chaney* criteria. They properly concluded that the suspended sentences agreed to in the defendants' plea agreements were not controlling.

The State argues that the sentences are illegal because they violate the defendants' plea agreements. But the parties entered into those agreements with an understanding of our prior case law. And that case law has consistently held that when a defendant violates probation, the sentencing court imposes a sentence in accordance with the *Chaney* criteria.

The State also argues that it made important concessions to the defendants in return for their plea agreements, and that the sentencing courts therefore had no authority to eliminate any portion of the agreed-upon suspended sentences. But at sentencing, the State had the opportunity to point out the seriousness of the defendants' conduct, including the conduct underlying any charges the State dismissed as part of the plea agreements. And the sentencing courts were authorized to take this conduct fully into consideration in determining an appropriate sentence at the revocation hearing.

The State has not argued that the judges imposed sentences which were not a reasonable application of the *Chaney* criteria. Because I fail to see why a sentencing court should be required to impose a sentence greater than what the court concludes is necessary under the standard sentencing criteria, I concur in this court's decision.

---

**7.** *Id.* at 717.

**8.** *Bland v. State*, 846 P.2d 815, 818 (Alaska App. 1993).

**9.** *Id.*