■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN RICHARDSON, Appellant. [920 NYS2d 752]—

Egan Jr., J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 30, 2009, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

In satisfaction of a two-count indictment, defendant waived his right to appeal, pleaded guilty to one count of attempted robbery in the second degree and was sentenced to a prison term of 4½ years followed by three years of postrelease supervision.* Defendant now appeals contending, among other things, that his plea was involuntary.

We affirm. To the extent that defendant challenges the factual sufficiency of his plea allocution, this claim is foreclosed by his valid waiver of the right to appeal and, further, is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Empey*, 73 AD3d 1387, 1388 [2010], *lv denied* 15 NY3d 804 [2010]; *People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]; *People v Sinclair*, 48 AD3d 974 [2008]).

Although defendant's assertion that his plea was involuntary survives his waiver of the right to appeal, this argument also is unpreserved due to defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Phelan*, 77 AD3d 987 [2010]; *People v Singh*, 73 AD3d 1384, 1384-1385 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Scitz*, 67 AD3d 1251 [2009]). Further, the narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during his plea allocution that tended to negate a material element of the crime or otherwise cast doubt upon his guilt (*see People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]; *People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]). Were we to reach this issue, we would find defendant's claim of coercion to be lacking in merit (*see People v Singh*, 73 AD3d at 1385; *People v Squitieri*, 60 AD3d 1208, 1209 [2009], *lv denied* 13 NY3d 839 [2009]).

To the extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, it survives the waiver of appeal but similarly is unpreserved for our review (*see People v Rivera*, 78 AD3d 1423, 1424 [2010];

---

* The plea originally included five years of postrelease supervision, but this term was modified at sentencing to reflect the appropriate period of postrelease supervision for a class D violent felony (*see* Penal Law § 70.02 [1] [c]; § 70.45 [2] [e]).

*People v MacDonald*, 77 AD3d 989, 990 [2010], *lv denied* 15 NY3d 954 [2010]; *People v Garland*, 69 AD3d 1122, 1123 [2010], *lv denied* 14 NY3d 887 [2010]). The balance of defendant's argument on this point—that counsel gave him bad advice and made certain representations regarding the sentence he would receive—"involves facts outside the record and, as such, it is more properly the subject of a CPL article 440 motion" (*People v Rivera*, 78 AD3d at 1424; *see People v Terpening*, 79 AD3d 1367 [2010]).

Finally, defendant's valid waiver of the right to appeal precludes review of his claim that the sentence imposed was harsh and excessive (*see People v Peterkin*, 77 AD3d 1017, 1018 [2010]; *People v Scitz*, 67 AD3d at 1252). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that judgment is affirmed.

