McCarthy, J.
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 11, 2011, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in satisfaction of an indictment charging him with criminal sale of a controlled substance in the third degree. In connection with the plea agreement, defendant waived his right to appeal and County Court committed to a prison sentence of no more than eight years followed by three years of postrelease supervision. Defendant failed to appear for the initial sentencing date, prompting County Court to issue a bench warrant for his arrest. Upon defendant’s appearance at the next scheduled date, County Court sentenced defendant to a prison term of eight years, followed by three years of postrelease supervision. Defendant now appeals.
Although defendant’s claim that his plea was involuntary survives his waiver of the right to appeal, the record before us does not reflect that defendant preserved this argument for our review by making a motion to withdraw the plea or vacate the judgment of conviction (see People v Musser, 106 AD3d 1334, 1335 [2013]; People v Richardson, 83 AD3d 1290, 1291 [2011], lv denied 17 NY3d 821 [2011]; People v Singh, 73 AD3d 1384, 1384-1385 [2010], lv denied 15 NY3d 809 [2010]). Nor does the *1110 record reveal any basis upon which the exception to the preservation requirement would be triggered, as nothing in the minutes of the plea proceeding casts doubt upon defendant’s guilt or the voluntariness of his plea (see People v Benson, 100 AD3d 1108, 1109 [2012]; People v Planty, 85 AD3d 1317, 1318 [2011] , lv denied 17 NY3d 820 [2011]; People v Board, 75 AD3d 833, 833 [2010]). To the extent that defendant’s ineffective assistance of counsel argument relates to the voluntariness of his plea, it also survives his waiver of the right to appeal, but is likewise unpreserved (see People v Walton, 101 AD3d 1489, 1490 [2012] , lv denied 20 NY3d 1105 [2013]; People v Benson, 100 AD3d at 1109; People v Singh, 73 AD3d at 1385). Finally, defendant’s challenge to the severity of the sentence is foreclosed by his valid waiver of the right to appeal (see People v Lopez, 97 AD3d 853, 853-854 [2012], lv denied 19 NY3d 1027 [2012]; People v Singh, 73 AD3d at 1385).
Rose, J.P., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.