McCarthy, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered April 11, 2011, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in satisfaction of a multicount indictment. Pursuant to the plea agreement, defendant waived his right to appeal and County Court agreed to impose a prison sentence of at least IV2 years followed by IV2 years of postrelease supervision but no more than eight years followed by three years of postrelease supervision. Moreover, it was agreed that this sentence was to run concurrently to a sentence imposed upon defendant’s conviction on a separate charge pending in Albany County. The court adhered to the plea agreement and imposed a prison sentence of six years followed by two years of postrelease supervision, to run concurrently to the previously specified sentence. Defendant now appeals.
Defendant’s challenge to the voluntariness of his plea is not preserved for our review inasmuch as the record does not reflect that defendant moved to withdraw the plea or vacate the judgment of conviction (see People v Musser, 106 AD3d 1334, 1335 [2013]; People v Richardson, 83 AD3d 1290, 1291 [2011], lv *1111 denied 17 NY3d 821 [2011]; People v Singh, 73 AD3d 1384, 1384-1385 [2010], lv denied 15 NY3d 809 [2010]). Moreover, the narrow exception to the preservation requirement is not triggered, as nothing said during the plea colloquy cast doubt upon defendant’s guilt or the voluntariness of his plea (see People v Benson, 100 AD3d 1108, 1109 [2012]; People v Planty, 85 AD3d 1317, 1318 [2011], lv denied 17 NY3d 820 [2011]). To the extent that defendant’s ineffective assistance of counsel argument relates to the voluntariness of his plea, it is likewise unpreserved (see People v Walton, 101 AD3d 1489, 1490 [2012], lv denied 20 NY3d 1105 [2013]; People v Jimenez, 96 AD3d 1109, 1110 [2012]). Finally, defendant’s challenge to the severity of his sentence is precluded by his valid waiver of the right to appeal (see People v Lopez, 97 AD3d 853, 853-854 [2012], lv denied 19 NY3d 1027 [2012]; People v Richardson, 83 AD3d at 1292).
Rose, J.P., Stein and Garry, JJ, concur. Ordered that the judgment is affirmed.