The People of the State of New York, Respondent, v Terry Snyder, Appellant. [832 NYS2d 316]—

Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered December 20, 2005, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and burglary in the third degree.

Defendant removed a safe from a private home and, as a result, was charged in an indictment with burglary in the second degree. He was charged in a second indictment with burglary in the third degree and attempted grand larceny in the fourth degree after he took a safe from a used car dealership and attempted to extort money from the owner. Defendant pleaded guilty to burglary in the second degree and burglary in the third degree in satisfaction of both indictments and a number of other pending charges. Under the terms of the plea agreement, County Court promised to sentence him as a second felony offender to not more than 10 years in prison, to be followed by an unspecified period of postrelease supervision, upon his conviction of second degree burglary. Upon his conviction of third degree burglary, the court advised him that he could be sentenced to a maximum of 3½ to 7 years in prison, but agreed that the aggregate maximum sentence for both crimes would not exceed 10 years. In addition, the court indicated that it would direct defendant to pay restitution in the amount of $14,151.95. Under the terms of the plea agreement, defendant agreed to waive his right to appeal all issues except for those pertaining to his sentence and his constitutional rights.

County Court subsequently sentenced defendant upon his conviction of burglary in the second degree to 10 years in prison, to be followed by five years of postrelease supervision, and upon his conviction of burglary in the third degree to 3½ to 7 years in prison, with the sentences to run concurrently. In addition, the court ordered defendant to pay restitution in the amount of $14,151.95, a 10% restitution surcharge of $1,415.20, a mandatory felony conviction surcharge of $250 and a crime victim assistance fee of $20. Defendant now appeals.

Initially, we find no merit to defendant's challenge to the severity of his sentence. Defendant has a lengthy criminal record characterized by many theft-related crimes. Notably, he appears

to have been on a crime spree prior to pleading guilty as the plea agreement encompassed 13 other arrests for burglary and related offenses. Moreover, defendant could have received consecutive sentences for the crimes to which he pleaded guilty as they involved different victims. In view of the foregoing, we do not find any extraordinary circumstances or an abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Strauss*, 16 AD3d 707, 708 [2005]).

Defendant further contends that the amount of restitution ordered is not supported by the record and that County Court erroneously imposed a 10% restitution surcharge. However, inasmuch as defendant did not request a restitution hearing or otherwise contest the amount of restitution ordered during the proceedings before County Court, his challenge to the amount of restitution awarded is not preserved for our review (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Williams*, 28 AD3d 1005, 1011 [2006], *lv denied* 7 NY3d 819 [2006]; *People v Melino*, 16 AD3d 908, 911 [2005], *lv denied* 5 NY3d 791 [2005]). To the extent that defendant failed to object at sentencing to County Court's imposition of the 10% surcharge, this claim is also not preserved. Nevertheless, were we to consider it, we would find it unavailing given that the enhanced surcharge was supported by the affidavit of the appropriate official as required by Penal Law § 60.27 (8) (*cf. People v Simonton*, 244 AD2d 1004 [1997], *lv denied* 91 NY2d 930 [1998]). Therefore, we find no reason to disturb the judgment of conviction.

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.