■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETINA HARRIS, Appellant. [860 NYS2d 643]—Stein, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 11, 2007, convicting defendant upon her plea of guilty of two counts of the crime of attempted burglary in the second degree.

Defendant was indicted on three counts of burglary in the second degree and one count each of grand larceny in the fourth degree and robbery in the second degree, stemming from two

separate incidents that occurred in June 2006. She entered a plea of guilty to two counts of attempted burglary in the second degree in full satisfaction of the indictment and waived her right to appeal. Pursuant to the plea agreement, defendant was thereafter sentenced as a second felony offender to two consecutive prison terms of four years, with three years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's challenge to the factual sufficiency of her plea allocution is foreclosed by her valid waiver of the right to appeal, as well as her failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Rose*, 41 AD3d 1033, 1034 [2007], *lv denied* 9 NY3d 926 [2007]; *People v Missimer*, 32 AD3d 1114, 1115 [2006], *lv denied* 7 NY3d 927 [2006]). In any event, noting that defendant need not personally recite the facts underlying her crimes, our review of the plea allocution satisfies us that the elements of the crimes were established by defendant's responses to County Court's questioning (*see People v Bagley*, 34 AD3d 992, 993 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Smith*, 21 AD3d 1186, 1187 [2005], *lv denied* 6 NY3d 818 [2006]).

In light of defendant's valid waiver of the right to appeal, she is also precluded from arguing that her sentence was harsh and excessive (*see People v Pickens*, 45 AD3d 1187, 1188 [2007], *lv denied* 10 NY3d 769 [2008]; *People v Crudup*, 45 AD3d 1111, 1112 [2007]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.