■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARGARET GRANT, Appellant. [875 NYS2d 347]—

Kavanagh, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered June 29, 2007, convicting defendant upon her plea of guilty of the crime of attempted assault in the second degree.

In full satisfaction of a three-count indictment, defendant pleaded guilty to attempted assault in the second degree and waived her right to appeal. County Court thereafter sentenced defendant in accordance with the plea agreement to a term of imprisonment of 1¹/₂ to 3 years and issued an order of protection in favor of the victim. Defendant now appeals.

We affirm. Although defendant's contention that her plea was not voluntarily entered survives her waiver of the right to appeal, it was not preserved for our review as she failed to move to withdraw her plea or vacate the judgment of conviction (*see People v Nunez*, 56 AD3d 897, 898 [2008], *lv denied* 11 NY3d 928 [2009]; *People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]). Moreover, the exception to the preserva-

tion rule does not apply here as she did not make any statement during the plea that cast doubt on her guilt or negated an element of the crime (*see People v Ramirez*, 45 AD3d 1108, 1108 [2007]; *People v Eiffe*, 34 AD3d 985, 985 [2006]). Defendant admitted during the plea allocution that she attempted, with the requisite intent, to injure the victim with a knife (*see* Penal Law §§ 110.00, 120.05 [2]). Contrary to defendant's contention, the lack of an admission by her that the victim suffered a physical injury as the result of her conduct does not negate an essential element of the crime of attempted assault (*see* Penal Law §§ 110.00, 120.05 [2]; *People v Munch*, 190 AD2d 963, 964 [1993], *lv denied* 81 NY2d 974 [1993]).

Defendant's challenge to the validity of her waiver of the right to appeal is also unavailing. Inasmuch as County Court adequately explained that the right to appeal was separate and distinct from the rights forfeited by her guilty plea and defendant affirmed her understanding and executed a counseled written waiver, defendant's waiver was knowing, voluntary and intelligent (*see People v Stokely*, 49 AD3d 966, 967-968 [2008]; *People v Bunce*, 45 AD3d 982, 984 [2007], *lv denied* 10 NY3d 809 [2008]).

Cardona, P.J., Mercure, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.