■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON M. GILMOUR, Appellant. [876 NYS2d 553]—

Mercure, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 11, 2008, convicting defendant upon his plea of guilty of the crime of attempted arson in the third degree.

In September 2005, defendant was charged in an indictment with arson in the third degree and burglary in the third degree in connection with a fire that damaged a camp owned by Robert Gilmour and Katherine Gilmour. Defendant, who was incarcerated in Pennsylvania at the time of the indictment, was extradited to New York pursuant to the Interstate Agreement on Detainers Act. Defendant ultimately pleaded guilty to attempted arson in the third degree, waiving his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 2 to 4 years in prison, and ordered to pay restitution in the amount of $40,260. Defendant appeals, and we now affirm.

Initially, we reject defendant's argument that his waiver of his right to appeal is invalid because he was not given an adequate explanation of the consequences of the waiver during the plea colloquy. County Court's explanation, coupled with defendant's detailed written waiver—which he executed in open court—adequately described the scope of the appellate rights waived and acknowledged that defendant was intentionally waiving those rights after having been given sufficient time to discuss the consequences of the waiver with counsel. Under these circumstances, the waiver of the right to appeal is valid (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Getter*, 52 AD3d 1117, 1118 [2008]; *People v Lewis*, 48 AD3d 880, 881 [2008]; *People v Ramirez*, 42 AD3d 671, 671-672 [2007]).

Defendant further asserts that his plea was involuntary because, while present in New York pursuant to the detainer, he was at some point brought before Family Court in connection with an unrelated proceeding. Although defendant's challenge to the voluntariness of the plea survives his waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Lewis*, 48 AD3d at 881), it is unpreserved for our review, and the exception to the preservation requirement is inapplicable here (*see People v Nunez*, 56 AD3d 897, 898 [2008], *lv denied* 11 NY3d 928 [2009]; *People v Hull*, 52 AD3d 962, 963 [2008]; *People v Kilgore*, 45 AD3d 886, 887-888 [2007], *lv denied* 10 NY3d 767 [2008]). Moreover, reversal in the interest of justice is unwarranted inasmuch as the argument patently lacks merit. Insofar as defendant challenges the sufficiency of the plea allocution, his arguments are barred by his valid waiver of the right to appeal (*see People v Hyson*, 56 AD3d 890, 891 [2008]; *People v Harris*, 51 AD3d 1335, 1336 [2008], *lv denied* 11 NY3d 789 [2008]; *People v Bethea*, 19 AD3d 813, 814 [2005]).

With respect to defendant's challenges to the amount of restitution imposed and County Court's determination of that

amount without conducting a hearing, the record reveals that the terms of the plea agreement included restitution in the approximate amount of $40,000, with the exact amount to be determined after the victims were interviewed. Defendant did not request a hearing and, at sentencing, he consented to the specific amount of restitution imposed, $40,260. Under these circumstances, defendant's challenges are both barred by his waiver of the right to appeal and unpreserved for our review (*see People v Giovanni*, 53 AD3d 778, 778-779 [2008], *lv denied* 11 NY3d 832 [2008]; *People v Snyder*, 38 AD3d 1068, 1069 [2007]; *People v Sartori*, 8 AD3d 748, 749 [2004]; *cf. People v McLean*, 59 AD3d 859, 860-861 [2009]).

Finally, although defendant's assertion that he received ineffective assistance of counsel survives his waiver of the right to appeal because it implicates the voluntariness of his plea (*see e.g. People v Jones*, 30 AD3d 633, 633 [2006], *lv denied* 7 NY3d 849 [2006]), we reject it as meritless.

Peters, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.