The People of the State of New York, Respondent, v Donald E. White, Appellant. [886 NYS2d 646]—

Kane, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 15, 2008, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

In satisfaction of a two-count indictment and other pending charges, defendant pleaded guilty to one count of grand larceny in the third degree. The plea bargain included a prison term, waiver of the right to appeal and payment of restitution. At sentencing, County Court imposed the agreed-upon prison sentence and ordered restitution in the amount of $10,519.79. Defendant now appeals, focusing on the propriety and amount of the restitution order.

We affirm. Defendant's challenge to the restitution order is

unpreserved because he failed to request a hearing or challenge the amount of restitution at sentencing (*see People v Melino*, 52 AD3d 1054, 1056 [2008], *lv denied* 11 NY3d 791 [2008]; *People v Waugh*, 52 AD3d 853, 856 [2008], *lv denied* 11 NY3d 796 [2008]; *see also* Penal Law § 60.27 [2]). In fact, when County Court clarified that defendant agreed to pay restitution, defense counsel added that it would be paid "[a]ccording to whatever is in the probation report," and defendant agreed that this statement was correct. The court did not improperly delegate its power to impose restitution, but relied on the itemized list supplied by the Probation Department after the parties accepted those amounts (*see People v Kim*, 91 NY2d 407, 410-411 [1998]; *People v Stephens*, 51 AD3d 1225, 1225-1226 [2008]; *compare People v Fuller*, 57 NY2d 152, 158-159 [1982]).

Mercure, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.