■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALICIA SCITZ, Also Known as ALICIA SEITZ, Appellant. [889 NYS2d 306]—Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 25, 2007, convicting defendant upon her plea of guilty of the crime of robbery in the second degree.

In full satisfaction of a three-count indictment, defendant pleaded guilty to the crime of robbery in the second degree. As part of the negotiated plea agreement, defendant waived her right to appeal and was sentenced to a term of imprisonment of four years, to be followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's contention that her plea was not voluntarily made, which survives her waiver of the right to appeal, is not preserved for our review in light of her failure to move to withdraw her plea or vacate the judgment of conviction (*see People v Brennan*, 62 AD3d 1167, 1168 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Grant*, 60 AD3d 1202, 1202 [2009]). Furthermore, the narrow exception to the preservation rule is inapplicable here as defendant did not make any statements during allocution that cast doubt on her guilt or tended to negate a material element of the crime (*see People v Dixon*, 62 AD3d 1214, 1214 [2009], *lv denied* 13 NY3d 743 [2009]; *People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]). In any event, defendant's contention that she was rushed into pleading guilty is belied by the transcript of the plea allocution, which demonstrates that she entered her plea voluntarily, knowingly and intelligently.

Defendant's assertion that she was denied the effective assistance of counsel is precluded by her waiver of the right to appeal, except insofar as it relates to the voluntariness of her plea, and, to that extent, her failure to move to withdraw her plea or vacate her judgment of conviction renders that matter unpre-

served for our review as well (*see People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]; *People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]). In any event, defendant's claims that counsel pressured her into pleading guilty and failed to make pretrial motions on her behalf or investigate possible defenses to the charges involve matters outside of the record and are more properly the subject of a CPL article 440 motion (*see People v Gorrell*, 63 AD3d 1381, 1381 [2009], *lv denied* 13 NY3d 744 [2009]; *People v Buskey*, 62 AD3d 1164, 1165 [2009]). Moreover, given the favorable plea agreement negotiated by counsel and her acknowledgment during the colloquy that she was satisfied with counsel's representation, we conclude that defendant received meaningful representation (*see People v Golgoski*, 43 AD3d 551, 553 [2007]). Finally, defendant's waiver of her right to appeal precludes her claim that her sentence was harsh and excessive (*see People v Walley*, 63 AD3d 1284, 1286 [2009]).

Cardona, P.J., Kane, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.