■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEO E. VAUGHNS, Appellant. [894 NYS2d 234]—

Rose, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered August 13, 2008, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree and burglary in the second degree, and (2) from a judgment of said court, rendered November 13, 2008, which resentenced defendant following his conviction of the crime of burglary in the second degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree and burglary in the second degree in full satisfaction of six counts charged in two separate indictments.* He executed written waivers of appeal in regard to both convictions and was sentenced in accordance with the negotiated plea agreement, as a second felony offender, to an aggregate eight-year prison term followed by 2½ years of postrelease supervision. Thereafter, County Court was informed by the Department of Correctional Services that defendant's status as a second felony offender required that a five-year period of postrelease supervision be attached to the sentence related to defendant's conviction for burglary in the second degree (see Penal Law § 70.06 [6]; § 70.45 [2]; see generally People v McCants, 54 AD3d 445, 446 [2008]). Accordingly, County Court vacated the original sentence associated with that crime and, although the length of defendant's overall prison term did not change, imposed a five-year period of postrelease supervision. Defendant appeals.

We are unpersuaded by defendant's claim that he did not knowingly, voluntarily and intelligently waive his right to appeal. Indeed, after County Court explained the significance of waiving one's right to appeal and confirmed that defendant was willingly doing so after having consulted with his attorney, defendant executed written appeal waivers in open court with respect to both indictments (see People v Mosher, 45 AD3d 970, 970 [2007], lv denied 10 NY3d 814 [2008]). Both waivers reflect defendant's understanding of the rights he was relinquishing and that he was provided ample time to discuss them with his attorney (see People v Collins, 53 AD3d 932, 933 [2008], lv denied 11 NY3d 831 [2008]).

Given the valid waiver of appeal, defendant is precluded from challenging the factual sufficiency of his plea allocution (see People v Harris, 51 AD3d 1335, 1336 [2008], lv denied 11 NY3d 789 [2008]). While he is not precluded from challenging his

* A seventh count was dismissed.

resentence (*see People v Rowland*, 11 AD3d 825, 825-826 [2004]), we note that defendant consented to being resentenced after refusing County Court's offer to withdraw his plea (*see People v Tausinger*, 21 AD3d 1181, 1183 [2005]).

To the extent that defendant's remaining contentions are properly before us, they have been reviewed and are determined to be without merit.

Peters, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgments are affirmed.