■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. THOMAS, Appellant. [896 NYS2d 264]—

Peters, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), entered October 6, 2008, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of a six-count indictment and other pending charges, defendant pleaded guilty to one count of burglary in the second degree. As part of the plea agreement, defendant waived his right to appeal and agreed to pay restitution. County Court sentenced defendant to the agreed-upon term of nine years in prison, followed by five years of postrelease supervision, and ordered him to pay restitution in the amount of $4,556.01. He now appeals.

We reject defendant's assertion that he did not knowingly, voluntarily and intelligently waive his right to appeal. A review of the plea minutes reveals that County Court explained to defendant that he was waiving his right to appeal and described the nature of that right "without lumping [it] into the panoply of trial rights automatically forfeited upon pleading guilty" (*People v Lopez*, 6 NY3d 248, 257 [2006]; *see People v Getter*, 52 AD3d 1117, 1118 [2008]; *People v Romano*, 45 AD3d 910, 914 [2007], *lv denied* 10 NY3d 770 [2008]). Defendant also executed a written appeal waiver in open court, which "adequately described the scope of the appellate rights waived and acknowledged that defendant was [knowingly and] intentionally waiving those rights after having been given sufficient time to discuss the consequences of the waiver with counsel" (*People v Gilmour*, 61 AD3d 1122, 1123 [2009], *lv denied* 12 NY3d 925 [2009]).

Under these circumstances, we find the appeal waiver to be valid (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Gilmour*, 61 AD3d at 1123; *People v Fludd*, 33 AD3d 1124, 1125 [2006], *lv denied* 9 NY3d 843 [2007]).

Defendant's challenge to the factual sufficiency of the plea allocution is foreclosed by his valid appeal waiver and is also unpreserved due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Harris*, 51 AD3d 1335, 1336 [2008], *lv denied* 11 NY3d 789 [2008]; *People v Sinclair*, 48 AD3d 974, 974 [2008]). His challenge to the voluntariness of his plea, although not encompassed by his waiver of the right to appeal, is not preserved for our review since he failed to move to withdraw his plea or vacate the judgment of conviction (*see People v Brennan*, 62 AD3d 1167, 1168 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Missimer*, 32 AD3d 1114, 1114 [2006], *lv denied* 7 NY3d 927 [2006]). Furthermore, the exception to the preservation rule is inapplicable here inasmuch as defendant did not make any statements during the plea allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]). In any event, the record discloses that defendant's plea was voluntary, knowing and intelligent.

Defendant next contends that County Court erred in failing to conduct a restitution hearing. Since the plea agreement did not include the amount of restitution to be awarded, defendant's waiver of the right to appeal does not preclude a challenge to the restitution order (*see People v Travis*, 64 AD3d 808, 808 [2009]; *People v Wilson*, 59 AD3d 807, 808 [2009]). However, to the extent that defendant argues that the amount of restitution ordered lacks sufficient support in the record, his failure to request a hearing or otherwise challenge the amount of restitution during the sentencing proceeding renders this claim unpreserved for our review (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Melino*, 52 AD3d 1054, 1056 [2008], *lv denied* 11 NY3d 791 [2008]; *People v Williams*, 28 AD3d 1005, 1011 [2006], *lv denied* 7 NY3d 819 [2006]). In any event, the medical bills and insurance documentation attached to the victim impact statement adequately support the amount of restitution ordered, thus obviating the need for a hearing (*see People v Kim*, 91 NY2d 407, 411 [1998]; *People v Golgoski*, 40 AD3d 1138, 1138 [2007]; *People v Drew*, 16 AD3d 840, 841 [2005]). In addition, notwithstanding defendant's assertion to the contrary, County Court did not improperly delegate its

power to impose restitution to the Probation Department (*see People v White*, 66 AD3d 1130, 1131 [2009]; *compare People v Fuller*, 57 NY2d 152, 158-159 [1982]).

Finally, in light of defendant's valid appeal waiver, he is precluded from arguing that the sentence imposed was harsh and excessive (*see People v Scitz*, 67 AD3d 1251, 1252 [2009]; *People v Brennan*, 62 AD3d at 1169).

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.