■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. EMPEY, Appellant. [901 NYS2d 756]—Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 9, 2009, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.

Defendant pleaded guilty to attempted burglary in the third degree, waived his right to appeal and was sentenced as a second felony offender to a prison term of 1½ to 3 years. County Court also ordered defendant to pay restitution in the amount of $604.15. Defendant now appeals contending, among other things, that his plea was involuntary and he was entitled to a restitution hearing.

Preliminarily, we reject defendant's claim that his appeal waiver was invalid. County Court explained the nature of the right that defendant was waiving, and defendant affirmed his understanding of that right, indicated that he had been given sufficient time to confer with counsel and executed a detailed written waiver of the right to appeal. Under these circumstances, we are satisfied that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (*see People v Thomas*, 71 AD3d 1231, 1231-1232 [2010]; *People v Grant*, 60 AD3d 1202, 1203 [2009]).

To the extent that defendant challenges the factual sufficiency of his plea, review of this issue is precluded by his valid waiver of the right to appeal (*see People v Vaughns*, 70 AD3d 1123, 1124 [2010]; *People v Nesbitt*, 23 AD3d 836, 837 [2005], *lv denied* 6 NY3d 816 [2006]) and, further, is unpreserved due to defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Bethel*, 69 AD3d 1126, 1127 [2010]; *People v Harris*, 51 AD3d 1335, 1336 [2008], *lv denied* 11 NY3d 789 [2008]). Although defendant's claim that his plea was involuntary survives his waiver of appeal, this issue similarly is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Scitz*, 67 AD3d 1251, 1251 [2009]; *People v Pump*, 67 AD3d 1041, 1041-1042 [2009], *lv denied* 13 NY3d 941 [2010]). Further, the narrow exception to the preservation requirement was not triggered here, inasmuch as defendant did not make any statements during the course of the allocution that negated an essential element of the crime or otherwise cast doubt upon his guilt (*see People v Grant*, 60 AD3d at 1203; *People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]). Contrary to defendant's assertion, the failure to specify the precise crime he intended to commit upon entering the residence was not fatal (*see People v Grant*, 60 AD3d at 1203; *People v Evans*, 27 AD3d 905, 907 [2006], *lv denied* 6 NY3d 847 [2006]).

As to the issue of restitution, inasmuch as the plea agreement did not specify the amount of restitution to be awarded, defendant's challenge to the restitution order is not precluded by his waiver of the right to appeal (*see People v Thomas*, 71 AD3d at

1232). However, defendant's failure to request a hearing or otherwise contest the amount of restitution ordered at sentencing renders his present claim—that the sum awarded is unsupported by the record—unpreserved for our review, as defendant concedes (*see id.*). Further, reversal in the interest of justice is unwarranted because the invoices and documentation attached to the victim impact statement are sufficient to support the amount of restitution awarded (*see id.*). Defendant's remaining contentions, including his assertion that County Court improperly delegated its power to impose restitution to the Probation Department, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.