■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW HOUCK, Appellant. [901 NYS2d 879]—

Stein, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 15, 2008, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

Defendant faced a multi-count indictment stemming from his unlawful entry into a person's home, during which he caused physical injury to such person. Following a *Huntley* hearing, County Court ruled that two statements given to police by defendant were admissible. Defendant subsequently pleaded guilty to the crime of burglary in the first degree in full satisfaction of the indictment, and waived his right to appeal. Defendant was thereafter sentenced to a prison term of 8½ years, followed by a three-year period of postrelease supervision. Defendant now appeals and we affirm.

While defendant's contention that his guilty plea was involuntary survives his waiver of appeal, it is unpreserved for our review as he failed to move to withdraw his plea or to vacate the judgment of conviction (*see People v Thomas*, 71 AD3d 1231, 1232 [2010]; *People v Bridge*, 71 AD3d 1197, 1198 [2010]; *People v Miller*, 70 AD3d 1120, 1120-1121 [2010]). Likewise, even if we were to conclude that defendant's claim of ineffective assistance of counsel is not precluded from our review by his valid appeal waiver, such claim was also not preserved (*see People v Lewis*, 69 AD3d 1232, 1234 [2010]). In any event, such claim is without merit, as the record clearly reveals that counsel filed pretrial motions on defendant's behalf, vigorously represented him at a *Huntley* hearing and negotiated an advantageous plea that considerably reduced defendant's sentencing exposure (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Miller*, 70 AD3d at 1120-1121; *People v Fiske*, 68 AD3d 1149, 1150 [2009], *lv denied* 14 NY3d 800 [2010]; *People v Miller*, 12 AD3d 852, 853 [2004], *lv denied* 4 NY3d 765 [2005]). Notably, defendant stated during the plea colloquy that he had a full opportunity to speak with counsel and that he was satisfied with counsel's efforts on his behalf.

Finally, defendant's valid waiver of appeal precludes our review of his claim that the sentence was harsh and excessive (*see People v Thomas*, 71 AD3d at 1233; *People v Scitz*, 67 AD3d 1251, 1252 [2009]).

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.