■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE J. TERPENING JR., Appellant. [912 NYS2d 776]—

McCarthy, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered July 10, 2008, convicting defendant upon his plea of guilty of the crime of aggravated sexual abuse in the third degree.

Defendant was charged with aggravated sexual abuse in the first degree as the result of twice inserting a screwdriver into the vagina of a five-year-old relative. Pursuant to a plea agreement, defendant pleaded guilty to aggravated sexual abuse in the third degree. After denying defendant's request for youthful offender status, County Court sentenced defendant to the agreed-upon term of two years in prison, to be followed by two years of postrelease supervision. Defendant appeals.

We affirm. Defendant did not move to withdraw his plea or vacate the judgment of conviction, rendering his challenges to the voluntariness of his plea and the sufficiency of the plea allocution unpreserved for our review (*see People v Bethel*, 69 AD3d 1126, 1127 [2010]; *People v Zakrzewski*, 69 AD3d 1055 [2010], *lv denied* 15 NY3d 758 [2010]). Moreover, the narrow exception to the preservation requirement is inapplicable here,

inasmuch as defendant did not make any statements during the plea that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (*see People v Empey*, 73 AD3d 1387, 1388 [2010], *lv denied* 15 NY3d 804 [2010]). Defendant's contentions that his attorney failed to investigate defenses, did not discuss all aspects of the case and failed to provide proper information are either belied by the record or concern matters outside the record that are more properly addressed in a CPL article 440 motion (*see People v Buskey*, 62 AD3d 1164, 1164 [2009]). Further, contrary to defendant's contention, the record reveals that County Court informed defendant, prior to accepting his plea, that the court was uncertain regarding the grant of youthful offender status at sentencing, and defendant agreed to plead guilty with that knowledge.

In light of the serious nature of the charge, defendant's statements blaming the victim and the negative recommendation of the Probation Department, County Court did not abuse its discretion in denying defendant youthful offender status (*see People v Driggs*, 24 AD3d 888, 889 [2005]; *People v Knowles*, 12 AD3d 939, 941 [2004]). The agreed-upon sentence cannot be considered harsh or excessive because he received the minimum permissible term of imprisonment for this class D violent felony offense (*see* Penal Law § 70.02 [3] [c]; CPL 470.20 [6]; *People v Vasquez*, 71 AD3d 1179, 1180 [2010], *lv denied* 14 NY3d 894 [2010]; *People v Moran*, 69 AD3d 1055, 1056 [2010]).

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.