■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. DISHAW, JR., Appellant. [916 NYS2d 295]—

Mercure, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered July 27, 2009, convicting defendant upon his plea of guilty of the crimes of attempted criminal sale of a controlled substance in the third degree and driving while intoxicated.

In full satisfaction of a three-count indictment and a superior court information, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and driving while intoxicated and waived his right to appeal as to both convictions. Defendant was subsequently sentenced pursuant to the plea agreement, as a second felony offender, to four years in prison with three years of postrelease supervision for the conviction of criminal sale of a controlled substance in the third degree and 1 to 3 years in prison for the conviction of driving while intoxicated, with the terms to be served concurrently. In addition, County Court ordered defendant to pay restitution in the amount of $300. Defendant now appeals.

We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was invalid. The record reflects that County Court explained the nature of the right being waived "without lumping that right into the panoply of trial rights automatically forfeited upon pleading guilty" (*People v Lopez*, 6 NY3d 248, 257 [2006]; *accord People v Jackson*, 48 AD3d 885, 885 [2008], *lv denied* 10 NY3d 960 [2008]). Further, defendant expressed his understanding of the ramifications of the waiver and thereafter executed two written waivers in open court acknowledging the scope of the right waived and that he had been given sufficient time to discuss the waivers with counsel (*see People v Thomas*, 71 AD3d 1231, 1231 [2010], *lv denied* 14 NY3d 893 [2010]; *People v Gilmour*, 61 AD3d 1122, 1123 [2009], *lv denied* 12 NY3d 925 [2009]). Accordingly, we conclude that defendant validly waived the right to appeal (*see People v Empey*, 73 AD3d 1387, 1388 [2010], *lv denied* 15 NY3d 804 [2010]; *People v Winters*, 73 AD3d 1277, 1278 [2010], *lv denied* 15 NY3d 811 [2010]).

Defendant's challenge to the factual sufficiency of his plea is foreclosed by his wavier of the right to appeal (*see People v Swindell*, 72 AD3d 1340, 1341 [2010], *lv denied* 15 NY3d 778 [2010]; *People v Vaughns*, 70 AD3d 1123, 1124 [2010], *lv denied* 15 NY3d 758 [2010]). Although defendant's claim that his plea was involuntary survives his waiver of the right to appeal, the claim is unpreserved for our review given his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Singh*, 73 AD3d 1384, 1384-1385 [2010], *lv denied* 15

NY3d 809 [2010]). Moreover, the narrow exception to the preservation rule is not triggered here inasmuch as defendant did not make any statements during the plea allocution that negated an essential element of either crime or otherwise cast doubt upon his guilt (*see People v Thompson*, 70 AD3d 1123 [2010]; *People v Scitz*, 67 AD3d 1251, 1251 [2009]).

Regarding defendant's challenge to the restitution order, the record reveals that the terms of the plea agreement included the amount of restitution, and defendant did not request a hearing or otherwise contest the amount ordered. Accordingly, his contention that the sum awarded is not supported by the record is both barred by his waiver of the right to appeal and unpreserved for our review (*see People v Gilmour*, 61 AD3d at 1124). Finally, defendant's waiver of the right to appeal precludes his claim that his sentence was harsh and excessive (*see People v Board*, 75 AD3d 833, 834 [2010]).

Spain, Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.