THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MINKS JEAN-FRANCOIS, Appellant. [918 NYS2d 389]—

Spain, J. 

Defendant pleaded guilty to attempted criminal possession of a weapon in the second degree in full satisfaction of a four-count indictment and waived his right to appeal. County Court thereafter sentenced him as a second felony offender to a prison term of 3½ years, to be followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was not knowing, voluntary and intelligent. The record reveals that County Court fully informed defendant regarding the waiver, including that the right to appeal is separate and distinct from the rights forfeited by a guilty plea (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Tabbott*, 61 AD3d 1183, 1184 [2009], *lv denied* 13 NY3d 750 [2009]). Defendant also executed a written waiver in open court, assisted by counsel, which described the ramifications of the waiver and acknowledged that defendant was knowingly, voluntarily and intelligently waiving his right to appeal after discussing its consequences with counsel. Under these circumstances, we find that defendant validly waived his right to appeal (*see People v Thomas*, 71 AD3d 1231, 1231 [2010], *lv denied* 14 NY3d 893 [2010]; *People v Gilmour,* 61 AD3d 1122, 1123 [2009], *lv denied* 12 NY3d 925 [2009]).

Defendant's contention that his plea was not knowingly, voluntarily and intelligently entered, which survives his waiver of

the right to appeal, is not preserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Abrams,* 75 AD3d 927, 928 [2010], *lv denied* 15 NY3d 918 [2010]). Furthermore, the narrow exception to the preservation rule is inapplicable here as the record reflects that defendant did not make statements during allocution that cast doubt on his guilt or negated a material element of the crime (*see People v Singh,* 73 AD3d 1384, 1385 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Bethel,* 69 AD3d 1126, 1127 [2010]).

Finally, defendant's claim that he was denied the effective assistance of counsel does not implicate the voluntariness of his plea. Accordingly, it is foreclosed by his waiver of the right to appeal (*see People v Leigh,* 71 AD3d 1288, 1288 [2010], *lv denied* 15 NY3d 775 [2010]).

Peters, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.