■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN SMALL, Appellant. [918 NYS2d 755]—

Lahtinen, J.

In satisfaction of a five-count indictment stemming from entering a woman's home and assaulting her, defendant pleaded guilty to one count of burglary in the first degree and waived his right to appeal. As agreed, defendant was sentenced as a second felony offender to a prison term of 10 years and post-release supervision of five years. County Court further ordered that defendant pay restitution in the amount of $1,360. Defendant now appeals.

We affirm. As an initial matter, defendant challenges the validity of his appeal waiver. During the plea colloquy, County Court distinguished the right to appeal from those rights automatically given up upon a plea of guilty, after which defendant indicated that he was willing to waive his right to appeal. He then discussed the matter with counsel and executed a detailed written waiver in open court. Under these circumstances, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Galietta, 75 AD3d 753, 754 [2010]; People v Thomas, 71 AD3d 1231, 1231-1232 [2010], lv denied 14 NY3d 893 [2010]).

Defendant also argues that his plea was not knowing, intelligent and voluntary because he did not know the specific amount of restitution to be ordered at the time he pleaded guilty. While this argument survives his appeal waiver, it is unpreserved for our review given his failure to move to withdraw his guilty plea or vacate the judgment of conviction (see People v Naumowicz, 76 AD3d 747, 748 [2010]; People v Swart, 20 AD3d 691, 692 [2005]). Moreover, the narrow exception to the preservation rule is not implicated here (see People v Naumowicz, 76 AD3d at 748). To the extent that his related ineffective assistance of counsel argument survives his appeal waiver, it is likewise unpreserved (see People v Peterkin, 77 AD3d 1017, 1017-1018 [2010]; People v Phelan, 77 AD3d 987, 987-988 [2010]).

Defendant further asserts that County Court was obliged to permit him an opportunity to withdraw his plea given its imposition of an order of restitution at sentencing. While this argument is not encompassed by his appeal waiver, it is without merit, as he was well aware that restitution could be a part of his sentence when he pleaded guilty (see People v Scott, 74 AD3d 1582 [2010]; People v McNulty, 70 AD3d 1127, 1128 [2010]). Finally, his challenge to the sentence imposed as harsh and excessive is precluded by his appeal waiver (see People v Stokes, 75 AD3d 662, 663 [2010]).

Spain, J.P., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.