■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD E. WHITE, Appellant. [923 NYS2d 371]—

McCarthy, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 21, 2009, convicting defendant upon his plea of guilty of the crime of scheme to defraud in the first degree.

In satisfaction of a single-count indictment, defendant pleaded guilty to scheme to defraud in the first degree, waived his right to appeal, was sentenced as a second felony offender to the agreed-upon prison term of 1½ to 3 years and was ordered to pay restitution in the amount of $14,440.50. Defendant now appeals.

We affirm. The waiver of appeal was not rendered invalid as a result of County Court's failure to expressly recite, as set forth in the written waiver of appeal executed by defendant in open court, that it would only accept a plea if defendant waived his right to appeal. A review of the plea colloquy reflects that defendant was aware from the outset that a waiver of the right to appeal was part of the plea agreement. Further, County Court's ensuing explanation, coupled with defendant's execution of the detailed written waiver in open court, adequately apprised defendant of the appellate rights he was forfeiting. Finally, defendant's affirmative responses to County Court's inquiries confirmed that he understood the nature and ramifications of the waiver and had been given sufficient time to confer with counsel. Under these circumstances, we find defendant's waiver to be knowing, intelligent and voluntary (see People v Dishaw, 81 AD3d 1035, 1036 [2011]; People v Phelan, 77 AD3d 987, 987 [2010], lv denied 16 NY3d 830 [2011]; People v Gilmour, 61 AD3d 1122, 1123 [2009], lv denied 12 NY3d 925 [2009]).

Defendant's challenge to the factual sufficiency of his plea is foreclosed by his valid waiver of the right to appeal and, further, is unpreserved for our review due to his failure to move to withdraw the plea or vacate the judgment of conviction (see People v Caldwell, 80 AD3d 998, 998 [2011]; People v Empey, 73 AD3d 1387, 1388 [2010], lv denied 15 NY3d 804 [2010]; People v Thomas, 71 AD3d 1231, 1232 [2010], lv denied 14 NY3d 893 [2010]). In any event, defendant "was not required to recite the elements of his crime or engage in a factual exposition, as his unequivocal affirmative responses to County Court's questions were sufficient to establish the elements of the crime charged" (People v Board, 75 AD3d 833, 834 [2010]; see People v Caldwell, 80 AD3d at 998; People v Aubrey, 73 AD3d 1393, 1394 [2010]).

To the extent that defendant contends that his plea was involuntary, although this claim survives his waiver of the right to appeal, it too is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Dishaw*, 81 AD3d at 1036; *People v Phelan*, 77 AD3d at 987; *People v Scitz*, 67 AD3d 1251, 1251 [2009]). The narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during his plea allocution that tended to negate a material element of the crime or otherwise cast doubt upon his guilt (*see People v Aubrey*, 73 AD3d at 1394; *People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]).

Inasmuch as the plea agreement did not specify the amount of restitution to be awarded, defendant's waiver of the right to appeal does not preclude him from challenging the restitution order (*see People v Stevens*, 80 AD3d 791, 792 [2011]; *People v Ford*, 77 AD3d 1176, 1176 [2010]; *People v Travis*, 64 AD3d 808, 808 [2009]). However, defendant's present claim—that the amount of restitution ordered lacks support in the record—is unpreserved for our review in light of defendant's failure to request a hearing or otherwise object to or contest the sum awarded during sentencing (*see People v Empey*, 73 AD3d at 1389; *People v Thomas*, 71 AD3d at 1232; *People v Snyder*, 38 AD3d 1068, 1069 [2007]). In any event, the written summary detailing the bad checks that defendant passed and the associated bank fees was sufficient to support the amount of restitution awarded (*see People v Thomas*, 71 AD3d at 1232; *People v Golgoski*, 40 AD3d 1138, 1138 [2007]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Rose, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.