■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT M. PLANTY III, Appellant. [925 NYS2d 240]—

Egan Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 1, 2010, convicting defendant upon his plea of guilty of the crime of criminal mischief in the fourth degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to one count of criminal mischief in the fourth degree, waived his right to appeal and was sentenced to one year in the local jail and ordered to pay restitution in the amount of $1,561.30. Defendant now appeals contending, among other things, that his plea was involuntary.

We affirm. Preliminarily, we reject defendant's assertion that his waiver of the right to appeal was invalid. County Court's explanation of the waiver, together with defendant's execution of a detailed written waiver in open court, sufficiently apprised defendant of the appellate rights he was forfeiting. Further, in response to County Court's questioning, defendant indicated that he understood the nature and ramifications of the waiver and confirmed that he had been afforded sufficient time to confer with counsel. Finally, "[t]he waiver of appeal was not rendered invalid as a result of County Court's failure to expressly recite, as set forth in the written waiver of appeal executed by defendant in open court, that it would only accept a plea if defendant waived his right to appeal" (*People v White*, 84 AD3d 1641, 1641 [2011]). We therefore find that defendant knowingly, intelligently and voluntarily waived his right to appeal (*see People v Dishaw*, 81 AD3d 1035, 1036 [2011], *lv denied* 16 NY3d 858 [2011]; *People v Thomas*, 81 AD3d 997, 998 [2011]; *People v Minter*, 71 AD3d 1335, 1335-1336 [2010], *lv denied* 15 NY3d 754 [2010]).

Defendant's challenge to the factual sufficiency of his plea is foreclosed by his valid waiver of the right to appeal and, further,

is unpreserved for our review due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Richardson*, 83 AD3d 1290, 1291 [2011]; *People v Dishaw*, 81 AD3d at 1036; *People v Caldwell*, 80 AD3d 998, 998 [2011], *lv denied* 16 NY3d 857 [2011]). To the extent that defendant challenges the voluntariness of his plea, although this claim survives his waiver of the right to appeal, it, too, is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Wicks*, 83 AD3d 1223, 1224 [2011]; *People v Thomas*, 81 AD3d at 998; *People v Singh*, 73 AD3d 1384, 1384-1385 [2010], *lv denied* 15 NY3d 809 [2010]). Moreover, the narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during the allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (*see People v Caldwell*, 80 AD3d at 998; *People v Terpening*, 79 AD3d 1367, 1367-1368 [2010], *lv denied* 16 NY3d 837 [2011]; *People v Board*, 75 AD3d 833, 833 [2010]).

Defendant's ineffective assistance of counsel claim, insofar as it impacts upon the voluntariness of his plea and, hence, survives the waiver of appeal, also is unpreserved for our review due to the absence of an appropriate postallocution motion (*see People v Small*, 82 AD3d 1451, 1452 [2011]; *People v Smith*, 81 AD3d 1034, 1035 [2011]; *People v Rivera*, 78 AD3d 1423, 1424 [2010]). To the degree that defendant's ineffective assistance of counsel claim implicates matters outside the record, such issues are more properly addressed in the context of a CPL article 440 motion (*see People v Terpening*, 79 AD3d at 1368; *People v Lopez*, 74 AD3d 1498, 1499 [2010]).

As to the issue of restitution, because the underlying plea agreement did not specify the amount of restitution to be awarded, defendant may challenge the restitution order notwithstanding his waiver of the right to appeal (*see People v Stevens*, 80 AD3d 791, 792 [2011]; *People v Ford*, 77 AD3d 1176, 1176 [2010]; *People v Travis*, 64 AD3d 808, 808 [2009]). However, defendant's assertion that the amount of restitution awarded by County Court lacks support in the record is unpreserved for our review given defendant's failure to request a hearing or otherwise contest the sum awarded at sentencing (*see People v Empey*, 73 AD3d 1387, 1389 [2010], *lv denied* 15 NY3d 804 [2010]; *People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]; *People v Snyder*, 38 AD3d 1068, 1069 [2007]).

Finally, inasmuch as defendant has served his one-year jail

term and has been released, his challenge to the severity of his sentence is moot (*see People v Gagnier*, 29 AD3d 1081 [2006]; *People v Swartout*, 28 AD3d 876, 877 [2006]) and, in any event, is precluded by his valid waiver of the right to appeal (*see People v Rivera*, 78 AD3d at 1424; *People v Houck*, 74 AD3d 1476, 1477 [2010]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Rose, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.