■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD TAYLOR, Appellant. [931 NYS2d 918]—

Kavanagh, J.

In satisfaction of a five-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal. County Court thereafter sentenced defendant as a predicate offender to an agreed-upon sentence of four years in prison, followed by two years of postrelease supervision. Defendant was also ordered to forfeit the automobile that was used during the commission of the crime. Defendant now appeals.

We affirm. To the extent that defendant challenges the factual sufficiency of his plea, such an argument is foreclosed by his waiver of his right to appeal and has not been preserved for our review due to defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Planty*, 85 AD3d 1317, 1317 [2011], *lv denied* 17 NY3d 820 [2011]; *People v White*, 84 AD3d 1641, 1641 [2011]; *People v Richardson*, 83 AD3d 1290, 1291 [2011], *lv denied* 17 NY3d 821 [2011]).

While defendant's claim that his plea was involuntary

survives his waiver of the right to appeal,* it is also unpreserved for our review due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Small*, 82 AD3d 1451, 1452 [2011], *lv denied* 17 NY3d 801 [2011]; *People v Campbell*, 81 AD3d 1184, 1185 [2011]). Further, defendant did not make any statements during the plea colloquy that tended to cast doubt upon his guilt and, as such, the narrow exception to the preservation requirement is not applicable here (*see People v Smith*, 81 AD3d 1034, 1035 [2011], *lv denied* 16 NY3d 899 [2011]; *People v Dishaw*, 81 AD3d 1035, 1037 [2011], *lv denied* 16 NY3d 858 [2011]). In any event, his claim regarding his plea is without merit, as it is clear from the record that he was given an ample opportunity to discuss his decision to plead guilty with both his attorney and members of his family who were present in the courtroom at the time he entered his guilty plea (*see People v Smith*, 81 AD3d at 1035; *People v Singh*, 73 AD3d 1384, 1385 [2010], *lv denied* 15 NY3d 809 [2010]).

Finally, defendant's waiver of his right to appeal precludes review of any claim that the sentence imposed was harsh and excessive (*see People v Smith*, 81 AD3d at 1035; *People v Dishaw*, 81 AD3d at 1037). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant's challenge to the voluntariness of his plea is based upon his claim that he was not advised, in advance of his plea, that he would be required to forfeit his vehicle as part of the plea agreement, and that he was rushed and pressured into taking the plea.