■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT L. SHERMAN, JR., Appellant. [936 NYS2d 358]—

Kavanagh, J.

We affirm. Initially, we find that defendant validly waived his right to appeal. Contrary to defendant's contention, the waiver was not rendered invalid by County Court's failure to recite during allocution, as set forth in the written waiver of appeal executed by defendant in open court, that it would not accept his plea unless defendant waived his right to appeal. The record demonstrates that defendant was informed prior to entering his plea that he would be required to waive his right to appeal as part of the plea. Further, County Court explained the ramifications of the waiver during allocution, which defendant stated that he understood, and defendant then executed the written waiver. Under these circumstances, we find a knowing, intel-

ligent and voluntary waiver of the right to appeal (*see People v Planty*, 85 AD3d 1317, 1317 [2011], *lv denied* 17 NY3d 820 [2011]; *People v White*, 84 AD3d 1641, 1641 [2011]).

Defendant's contention that his plea was not knowingly, intelligently and voluntarily entered, which survives his appeal waiver, is not preserved for our review in light of his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Robinson*, 86 AD3d 719, 720 [2011]; *People v Hill*, 81 AD3d 1040 [2011]). Moreover, the narrow exception to the preservation rule is inapplicable here insofar as defendant did not make any statements during allocution that negated a material element of the crime or otherwise cast doubt upon his guilt (*see People v Gantt*, 84 AD3d 1642, 1643 [2011]; *People v Campbell*, 81 AD3d 1184, 1185 [2011]).

Regarding restitution, inasmuch as the amount to be awarded was not specified in the plea agreement, defendant's challenge to the restitution order is not precluded by his appeal waiver (*see People v Stevens*, 80 AD3d 791, 792 [2011], *lv denied* 16 NY3d 900 [2011]). However, while at sentencing defendant questioned certain items in the victim's itemized medical bill, which was included with the presentence investigation report and totaled $16,337.84, defendant did not request a restitution hearing or challenge the $10,000 ultimately awarded by County Court. Accordingly, his claim that the amount awarded is not supported by the record is not preserved for our review (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Empey*, 73 AD3d 1387, 1389 [2010], *lv denied* 15 NY3d 804 [2010]). In any event, the victim's medical bill supported the amount of restitution ordered (*see People v Kim*, 91 NY2d 407, 411 [1998]; *People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]).

Defendant's claim that his sentence is harsh and excessive is precluded by his waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Jones*, 83 AD3d 1289, 1290 [2011], *lv denied* 17 NY3d 860 [2011]). Finally, defendant's remaining claims, including that County Court abused its discretion in denying his request for an adjournment at sentencing, have been examined and found to be without merit.

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.