Kavanagh, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 14, 2011, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In July 2010, defendant was charged by indictment with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. The charges stemmed from allegations that defendant twice sold cocaine to a confidential informant. After conducting a Wade hearing, County Court concluded that the identification procedure employed by the police in securing the confidential informant’s identification of defendant was not unduly suggestive and denied his motion to suppress. Thereafter, defendant entered a guilty plea to one count of criminal sale of a controlled substance in the third degree, waived his right to appeal, and was sentenced as a *1372 second felony offender — in accord with the plea agreement — to 4V2 years in prison, plus two years of postrelease supervision. Defendant now appeals, claiming that County Court improperly denied his motion to suppress, his plea allocution was factually insufficient, he was denied the effective assistance of counsel and the sentence imposed was harsh and excessive.
Defendant’s challenge to County Court’s denial of his motion to suppress is precluded by his waiver of his right to appeal* (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Spruill, 90 AD3d 1242, 1243 [2011]; People v Ballard, 88 AD3d 1025, 1026 [2011], lv denied 18 NY3d 955 [2012]). Defendant’s challenge to the factual sufficiency of his guilty plea is also barred by the appeal waiver and, moreover, is unpreserved as there is no indication on this record that he moved to withdraw his plea or vacate the judgment of conviction (see People v Taylor, 89 AD3d 1143, 1143 [2011]; People v Planty, 85 AD3d 1317, 1317-1318 [2011], lv denied 17 NY3d 820 [2011]; People v Richardson, 83 AD3d 1290, 1292 [2011], lv denied 17 NY3d 821 [2011]).
As for defendant’s claim regarding ineffective assistance of counsel, he argues that trial counsel should have moved to suppress audiotapes made by the confidential informant when the sales allegedly took place and maintains that the specter of those tapes being used as evidence against him impacted the voluntariness of his guilty plea. Assuming that counsel’s failure to make such a motion could raise a question regarding the voluntariness of defendant’s guilty plea (see People v Gentry, 73 AD3d 1383, 1384 [2010]), he has not preserved this issue because he did not move to withdraw his plea or vacate the judgment of conviction (see People v Irvis, 90 AD3d 1302, 1304 [2011]; People v Cassara, 88 AD3d 1069, 1069 [2011]). In any event, the record establishes that defendant obtained a favorable plea agreement, stated during his plea allocution that he was satisfied with counsel’s efforts on his behalf and acknowledged having ample time to discuss with counsel the terms of the guilty plea before entering it. Therefore, were we to reach the issue we would find that defendant was afforded meaningful representation (see People v Gentry, 73 AD3d at 1384).
Finally, defendant’s valid appeal waiver precludes any claim that his sentence was harsh or excessive (see People v Jones, 88 AD3d 1029 [2011], lv denied 18 NY3d 859 [2011]; People v Richardson, 83 AD3d at 1292).
*1373 Peters, P.J., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

 Defendant does not challenge the validity of the waiver of his right to appeal and, upon our review, we find it was knowingly, voluntarily and intelligently entered (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Ballard, 88 AD3d at 1026).