■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID EDWARD CLEMONS, Appellant. [945 NYS2d 492]—

Garry, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 22, 2010, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

In October 2007, defendant stabbed another individual with a

knife in the City of Ogdensburg, St. Lawrence County. He was interviewed by police several times thereafter, including two occasions in October 2008. During the second October 2008 interview, he confessed to the stabbing. Defendant was indicted for assault in the first degree, and gave a written statement based upon a plea offer. County Court rejected the proposed plea agreement, and the parties stipulated to suppress the written statement. The court denied defendant's motion to suppress the October 2008 statements following a hearing. Defendant thereafter pleaded guilty to assault in the second degree and was sentenced as a persistent violent felony offender to a prison term of 12 years to life. Defendant appeals.

We reject defendant's contention that his oral and written waiver of the right to appeal was rendered invalid by County Court's failure to recite, as provided in the written waiver, that it would not accept the plea unless defendant waived his right to appeal. Counsel advised defendant before entering the plea that waiver of the right to appeal would be required as part of the agreement and the court then informed defendant that an appeal waiver was one of the terms of the plea, obtained his acknowledgment that he had heard and understood all of the terms, and separately explained the nature of the appeal rights being waived. After defendant orally confirmed that he understood these rights and was waiving them voluntarily, he executed the written waiver in open court, in the presence of his counsel. Under these circumstances, as we have previously held on several occasions, the language at issue in the written waiver did not alter the knowing, voluntary and intelligent nature of defendant's appeal waiver (*see People v Sherman*, 91 AD3d 982, 982-983 [2012]; *People v Planty*, 85 AD3d 1317, 1317 [2011], *lv denied* 17 NY3d 820 [2011]; *People v White*, 84 AD3d 1641, 1641 [2011], *lv denied* 18 NY3d 887 [2012]).

The valid appeal waiver precludes his challenge to the denial of his motion to suppress the October 2008 statements (*see People v Robinson*, 86 AD3d 719, 719 [2011]; *People v Schmidt*, 57 AD3d 1104 [2008]). Defendant's challenge to the voluntariness of the plea and the factual sufficiency of the allocution is unpreserved as the record indicates that he failed to move to withdraw the plea or vacate the judgment of conviction, and the narrow exception to the preservation requirement does not apply, as nothing in the allocution cast doubt on his guilt or negated an essential element of the crime (*see People v Tolliver*, 92 AD3d 1024 [2012]; *People v Norton*, 88 AD3d 1027, 1028 [2011]).

Mercure, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.