Lahtinen, J.
We affirm. Initially, we note that, contrary to the People’s contention, a motion to withdraw the plea or vacate the judgment of conviction is not required to preserve a challenge to the validity of a waiver of the right to appeal (see People v Lewis, 48 AD3d 880, 880-881 [2008]). For a waiver of the right to appeal to be effective, defendant must make such waiver knowingly, intelligently and voluntarily (see People v Bradshaw, 18 NY3d 257, 259 [2011]), which includes the record clearly establishing that “defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty” (People v Lopez, 6 NY3d 248, 256 [2006]). Here, County Court separately explained the right to appeal, that such right (unlike other rights) was not forfeited by pleading guilty, and inquired whether defendant understood that he was waiving this particular right as part of the plea bargain. Defendant answered in the affirmative. Moreover, defendant executed a detailed written waiver of his right to appeal acknowledging, among other things, that he had discussed the waiver with counsel and that he was voluntarily and knowingly waiving the right. The record establishes that the waiver of the right to appeal was valid (see People v Dishaw, 81 AD3d 1035, 1036 [2011], lv denied 16 NY3d 858 [2011]; People v Gilmour, 61 AD3d 1122, 1123 [2009], lv denied 12 NY3d 925 [2009]). Defendant’s contention regarding his motion for a Dunaway hearing is foreclosed by the valid waiver of the right to appeal (see People v Lewis, 95 AD3d 1442, 1443 [2012], lv denied 19 NY3d 998 [2012]; People v White, 75 AD3d 837, 838 [2010], lv denied 15 NY3d 925 [2010]).
*1177 Mercure, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.