THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CAMPO, Appellant. [999 NYS2d 774]—

Peters, P.J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 5, 2013, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant pleaded guilty to burglary in the second degree in satisfaction of an indictment and an unrelated charge and waived his right to appeal. He was thereafter sentenced, as a second felony offender, to seven years in prison to be followed by five years of postrelease supervision. County Court also ordered defendant to pay restitution in the amount of $134,000. Defendant now appeals.

We affirm. Contrary to defendant's contention, our review of the plea colloquy and the written waiver executed in open court establishes that defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (*see People v Fisher*, 119 AD3d 1289 [2014], *lv denied* 24 NY3d

1043 [2014]; *People v Frasier*, 105 AD3d 1079, 1080 [2013], *lv denied* 22 NY3d 1088 [2014]). Further, inasmuch as the record reveals that the terms of the plea agreement included restitution in the amount of $134,000 and defendant did not request a hearing or otherwise contest that amount, his claim that the amount of restitution ordered is not supported by the record is both precluded by his appeal waiver and unpreserved for our review (*see People v Dishaw*, 81 AD3d 1035, 1037 [2011], *lv denied* 16 NY3d 858 [2011]; *People v Gilmour*, 61 AD3d 1122, 1123-1124 [2009], *lv denied* 12 NY3d 925 [2009]). Finally, defendant's appeal waiver also precludes his argument that his sentence is harsh and excessive (*see People v Fisher*, 119 AD3d at 1289; *People v Griffin*, 117 AD3d 1339 [2014]).

McCarthy, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed.